## MORGAN BUSINESS ASSOCIATES, INC.

v.

## The UNITED STATES.

### No. 274–78.

United States Court of Claims.

April 2, 1980.

Ratus Lee Kelly, Washington, D. C., atty. of record, for plaintiff.

Gerald L. Schrader, Washington, D. C., with whom was Asst. Atty. Gen. Alice Daniel, Washington, D. C., for defendant. Daniella Sapriel, Washington, D. C., of counsel.

Before DAVIS, KASHIWA and SMITH, Judges.

## ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND DEFENDANT'S CROSS–MOTION FOR SUMMARY JUDGMENT

DAVIS, Judge:

In response to a request by the Government, plaintiff Morgan Business Associates, Inc. (Morgan) submitted a proposal concerning the development and management of certain conferences for the Energy Research and Development Administration (ERDA).[1] After the proposal was received by ERDA, it was somehow lost, and was never considered by the contracting officer. Plaintiff brought this suit for its bid preparation costs, asserting that the defendant was arbitrary and capricious in failing to consider the proposal.[2] The case is before us on cross-motions for summary judgment, based on a stipulation of facts. We conclude that the stipulated facts fail to establish that plaintiff was injured by the defendant's breach of duty, and we therefore hold for the Government.

In October 1976, the San Francisco Operations Office of ERDA issued a request for proposals on development and management of ERDA conservation research and technology conferences. Contract award was to be by negotiated procurement. Morgan submitted its proposal by certified mail. This proposal was received by the designated office before the deadline, but thereafter it was misplaced or lost. Accordingly, it was never evaluated by the Technical Advisory Board convened to consider the proposals submitted, nor was it appraised by the contracting officer. After negotiation with other proposers, four contracts were awarded to others than Morgan.

In January 1977, after an exchange of communications between plaintiff and ERDA, the failure to consider the Morgan proposal was discovered. On the suggestion of the agency, plaintiff submitted a copy of its proposal for informal evaluation. Gail Garbarini, then employed at Department of Energy headquarters, reviewed the proposal under the evaluation criteria of the request for proposals, and determined that plaintiff would not have been chosen for negotiation leading to an award.

---

1. ERDA is now a part of the Department of Energy.

2. Plaintiff had filed a protest with the General Accounting Office; the Comptroller General ruled that plaintiff was not entitled to bid preparation costs. *Morgan Business Associates,* Comp.Gen.Dec. B–188387 (May 16, 1977).

Morgan's claim raises issues not settled in the decisions in which the court has considered a party's right to recover bid preparation costs. *See Heyer Products Co. v. United States*, 135 Ct.Cl. 63, 140 F.Supp. 409 (1956); *Keco Industries Inc. v. United States*, 192 Ct.Cl. 773, 428 F.2d 1233 (1970) *(Keco I); Keco Industries Inc. v. United States*, 203 Ct.Cl. 566, 492 F.2d 1200 (1974) *(Keco II); Burroughs Corp. v. United States*, —— Ct.Cl. ——, 617 F.2d 590 (1980). There the Government had invited bids or proposals and had actually considered and rejected the plaintiff's submission. The focus of the controversy was on how the Government had treated that bid. The complaint was either that the consideration of plaintiff's bid or proposal had been arbitrary, capricious, or in bad faith, *Heyer Products, supra, see also Continental Business Enterprises Inc. v. United States*, 196 Ct.Cl. 627, 452 F.2d 1016 (1971), or that the consideration and acceptance of a competitor's bid or proposal was arbitrary, capricious, or in bad faith, with resulting detriment to the plaintiff, *Keco II, supra, Burroughs Corp., supra, see also McCarty Corp. v. United States*, 204 Ct.Cl. 768, 499 F.2d 633 (1974).

In this case, however, plaintiff's proposal, though received by ERDA, was never considered by the contracting officer or the Technical Advisory Board. We must decide whether, under the facts given to us, the Government's total failure to consider the proposal submitted in response to its invitation creates a claim for bid preparation costs enforceable in this court.

The parties ask us to adopt opposite approaches which have broad sweep and are by their nature outcome determinative. Defendant urges a two-part test. It contends that plaintiff must first show that the loss of the proposal was a result of more than simple negligence. It suggests this is mandated by our conclusion in *Keco II, supra*, that in that instance simple negligence was not enough to establish a right to recover bid preparation costs. The argument continues that plaintiff must also show that the Government's failure to consider its bid properly was the cause of its failure to receive a contract. In other words, Morgan must show that, but for the Government's breach of duty, it would have received a contract. Defendant analogizes this to the requirement that a plaintiff show "proximate cause" to recover in a negligence action.

Plaintiff, on the other hand, asserts that the failure to consider a proposal is a *per se* violation of 10 U.S.C. § 2304(g) (1976),[3] and governing procurement regulations,[4] and that this alone is sufficient to establish a right to bid preparation costs. It argues that to require plaintiffs whose bids are lost to prove that the loss was due to gross negligence or bad faith would impose an insurmountable burden of proof and create an enormous opening for covert misconduct by federal officials.

We think that the parties' approaches are each too broad in that they ignore the general teaching of the *Heyer* line of decisions that each bid-preparation claim must be judged in the circumstances forming the basis of the challenge. Defendant misreads our opinion in *Keco II, supra*, to say that a negligent action by the Government can never be the basis of a recovery of bid preparation costs. The holding in that case was quite narrow, as the pertinent language shows:

The mere failure to exercise due diligence in the appraisal of the advantageousness of a competitor's bid, when that omission amounts to simple negligence, is not a sufficient showing of arbitrary and capricious conduct to warrant recovery of bid

---

**3.** That section reads in pertinent part:

[W]ritten or oral discussions shall be conducted with all responsible offerors who submit proposals within a competitive range, price and other factors considered.

**4.** Federal Procurement Regulation § 3.802–2(c), provides in pertinent part:

Proposals that are received in the office designated in the request for proposals before the time specified for their receipt shall be evaluated to determine which proposals are within the competitive range established for the procurement action.

preparation expenses. The Government's duty to exercise care in evaluating the 'price and other factors' of a bid runs first to the proponent of that bid and to the public and its representatives, and only then to another bidder. The responsibility to the latter is too attenuated to justify assessing damages for simple negligence, especially in light of the broad discretion of procurement officials in that aspect of the bid process. [*Id.* at 579, 492 F.2d at 1206–07.]

■ The facts in this case are significantly different from the context of *Keco II.* The challenge here is not to the manner of the Government's consideration of a bid or a proposal, but to a complete failure to give any consideration. Moreover, the challenge concerns plaintiff's own proposal, not that of a competitor. The duty to evaluate proposals runs directly to the proponent of that proposal—Morgan in this instance. Finally, the contracting officer has no discretion as to whether to give initial consideration to a proposal which is submitted in a timely manner. He must do so. In *Heyer Products, supra,* we held that when the Government issues an advertisement for bids it creates an implied promise to give fair and honest consideration to the bids submitted in response. *Id.* at 69, 140 F.Supp. at 412–13. At the minimum, this is a promise that a bid will be considered if properly submitted. Similarly, we have said "that every bidder has the right to have his bid honestly considered by the Government." *Keco I, supra,* at 780, 428 F.2d at 1237. The problem of whether consideration has been "honest" may necessitate an examination of motive or intent, but this assumes that there has been some kind of consideration by the appropriate procurement official.

When the Government fails completely to consider a proposal or a bid which is properly received, there is a prima facie breach of the duty to give consideration and the question of motive or intent does not arise.

We reject, however, plaintiff's proposition that any breach of the duty to give consideration creates an immediate entitlement to bid preparation costs. Morgan emphasizes that failure to consider its proposal was a violation of statute and procurement regulations, but we have said that "proven violation of pertinent statutes or regulations can, *but need not necessarily,* be a ground for recovery." (emphasis added) *Keco II, supra,* at 574, 492 F.2d at 1204. See also *Burroughs Corp., supra,* at —— ——, 617 F.2d at 597. Acceptance of plaintiff's theory would make the Government an insurer for a party's bid preparation expenses whenever a bid or proposal is lost. This could lead to the far-fetched result that the Government might be responsible for paying bid preparation costs for a proposal that is wholly inadequate on its face, one which would be summarily rejected after even a single reading, or one which has no real chance of acceptance. Bid preparation expenses are a cost of doing business that are "lost" whenever the bidder fails to receive a contract. We cannot assume that a plaintiff has always and necessarily been damaged by the Government's failure to consider its proposal— but that is the end-result of the rule Morgan puts forward.[5]

Conversely, we are not persuaded by the Government's argument that plaintiff must show that, but for the failure to consider its proposal, it would have received a contract. The analogy to proximate cause in negligence does not fit. If plaintiff sued in

5. We place to one side a deliberate refusal to look at a bid or a proven deliberate loss. Those facts could invoke the core concept of "honest" consideration. In this case, the stipulated facts do not say or suggest that the loss of plaintiff's proposal was deliberate. In view of the general principle against presuming fraud by government officials (*e. g. Kalvar Corp. v. United States,* 211 Ct.Cl. 192, 198–99, 543 F.2d 1298, 1301–02 (1976), *cert. denied,* 434 U.S. 830, 98 S.Ct. 112, 54 L.Ed.2d 89 (1977)), we are justi-

fied in assuming, absent proof by plaintiff, that no such fraud or dishonesty was involved here.

The other side of the coin is that we also put aside the case in which the complainant's bid is lost or destroyed without any fault on the part of the procuring agency (*e. g.,* by a fire not caused by the Government's negligence). The reasonable inference from the stipulation here is that the present case does not fall into that category.

negligence, and could show proximate cause, its measure of damages would be lost profits as well as bid preparation costs. *Heyer Products, supra* established that a claim for bid preparation costs was based on a breach of an implied promise relating to consideration of the bid itself, and that there was no basis to award lost profits. In addition, it would be virtually impossible for the plaintiff to make a "but for" showing. As we noted in *Keco I, supra*, since 10 U.S.C. § 2305(c) (1976) gives the head of an agency authority to reject all bids if he determines rejection to be in the public interest, there can be no certainty about the results of any bid or proposal.[6]

■ We hold, rather, that when the Government completely fails to consider a plaintiff's bid or proposal, the plaintiff may recover its bid preparation costs if, under all the facts and circumstances, it is established that, if the bid or proposal had been considered, there was a substantial chance that the plaintiff would receive an award—that it was within the zone of active consideration. If there was no substantial chance that plaintiff's proposal would lead to an award, then the Government's breach of duty did not damage plaintiff. In that situation a plaintiff cannot rightfully recover its bid preparation expenses. This principle of liability vindicates the bidder's interest and right in having his bid considered while at the same time forestalling a windfall recovery for a bidder who was not in reality damaged.[7]

■ Morgan has failed to show that it had a substantial chance of receiving an award. The only evidence in the stipulated record, Ms. Garbarini's opinion, indicates that plaintiff's chances for an award were not substantial. Plaintiff's arguments concerning Ms. Garbarini's qualifications, and motivations go only to the weight we should give this evidence. In opposing the Government's motion for summary judgment, plaintiff must do more if we are to disregard the only evidence in the record on the point. Morgan has failed to offer any rebuttal evidence or even to attempt to meet its burden of persuasion on the issue.

For this reason, plaintiff's motion for summary judgment is denied and defendant's motion for summary judgment is granted. The petition is dismissed.

**6.** In his decision denying plaintiff's claim the Comptroller General cited his own opinion in *Ampex Corp.,* Comp.Gen.Dec. B–183739 (November 14, 1975) as support for the "but for" requirement. In *Ampex,* he referred to our decision in *McCarty Corp., supra,* as support. We see nothing in the *McCarty* opinion that can reasonably be construed as requiring a

"but for" showing. In that instance the Comptroller General had found that the plaintiff should have received the bid, but our opinion does not even implicitly indicate that such a showing was necessary for recovery of bid preparation expenses.

