DOWNTOWN COPY CENTER

v.

The UNITED STATES.

No. 454–83C.

United States Claims Court.

July 27, 1983.

Jeffrey K. Kominers, Washington, D.C., for plaintiff.

Sara V. Greenberg, Washington, D.C., with whom was Asst. Atty. Gen. J. Paul McGrath, Washington, D.C., for defendant.

## OPINION

MARGOLIS, Judge.

This case is before this Court on defendant's motion to dismiss on the ground that the Court lacks jurisdiction. Plaintiff Downtown Copy Center is seeking injunctive relief restraining the United States from making the award of a contract for duplication services except under a resolicitation of bids. Plaintiff also seeks a declaratory judgment declaring the defendant's actions in violation of applicable law and regulations. Plaintiff challenges the bid solicitation by the FCC as arbitrary and capricious because of the defendant's failure to include prevailing Department of Labor wage rate determinations in the Invitation For Bids (IFB), to eliminate certain ambiguities in the bid specifications, to correct inaccurate estimates for telephone directories and search hours, and to rectify the consequences of disclosing plaintiff's wage rates. Plaintiff also challenges an award to the lowest bidder, International Transcription Services (ITS), on the ground that its submission was nonresponsive and that the bidder was nonresponsible.

The plaintiff is a small business and the incumbent contractor of an FCC contract for duplication services it has performed since March 1975. Pending award of the contract, plaintiff is performing the work under an extension to its present contract that expires on July 29, 1983. Plaintiff claims that all of its business is attributable to its present contract. On May 20, 1983 the FCC issued an Invitation for Bids (IFB) No. 83–08 for a contract for one year and two one year options for duplication and support services required for the sale and distribution of FCC documents available to the public under the Freedom of Information Act and related FCC regulations. The government evaluated only the base year, not the options. Bids on IFB 83–08 were opened on June 10, 1983. Ten bids were submitted, and the plaintiff's bid of $535,-199.80 for the one base year was the third highest bid. ITS's bid of $331,435.98 was the lowest bid submitted.

On July 14, 1983, plaintiff filed a motion for a temporary restraining order and a complaint for declaratory judgment and injunctive relief. Plaintiff filed an amended complaint on July 19, 1983. Defendant's motion to dismiss was filed on July 20, 1983, and the plaintiff filed its reply on July 25, 1983. A hearing was held on the defendant's motion to dismiss on July 26, 1983, and later, affidavits were filed by the parties.

The plaintiff initially alleged defects and improper conduct by the government in the bid solicitation process. Later, plaintiff amended its complaint to include the allegation that it was denied a fair opportunity to compete during the government's consideration of its bid. First, the plaintiff argues that the IFB improperly failed to include the DOL minimum wage determinations and fringe benefits as required under 41 U.S.C. § 351 (Service Contract Act of 1965, as amended) and implementing regulation. Second, the plaintiff claims that there are ambiguities in the specifications relating to minimum order fees, search fees, and malfunction. Third, the plaintiff claims that the IFB contained inaccurate estimates of search hours and required telephone directories. Finally, the plaintiff contends that it was unfairly prejudiced by the government's disclosure of its wage rates to the other bidders.*

The plaintiff's claims are not within the scope of this Court's equity jurisdiction. The jurisdiction conferred on this Court by 28 U.S.C. § 1491(a)(3) over contract claims brought before the contract is awarded, is limited to the implied-in-fact

* The defendant only disclosed a range of wages for most of the plaintiff's employees (while altogether excluding managerial personnel) so that other bidders would not know the exact wage rates paid by the plaintiff.

contract that arises from the bid solicitation process. The implied-in-fact contract guarantees that a bid submitted in conformity with the requirements of the invitation for bids will be fully and fairly considered. *Ingersoll-Rand Co. v. United States,* 2 Cl.Ct. 373, 375 (1983) (Kozinski, C.J.); *Quality Furniture Rentals, Inc. v. United States,* 1 Cl.Ct. 136, 139 (1983) (Kozinski, C.J.); *Cecile Industries Inc. v. United States,* 2 Cl.Ct. 690 at 692 (Cl.Ct.1983) (Weise, J.) The wisdom, legality and collateral effects flowing from the proposed contract have no bearing on this contractual relationship. *Quality Furniture Rentals, Inc. v. United States,* 1 Cl.Ct. at 139. Furthermore, the statutes and regulations governing the structure of the bid solicitation process create statutory rather than contractual obligations. *Ingersoll-Rand Co. v. United States,* 2 Cl.Ct. at 376. Thus, the United States owes bidders no contractual duty to comply with procurement regulations. *Id.* Accordingly, the plaintiff's claims asserting defects and unfairness in the bid solicitation process itself allege a breach of the government's statutory duty to comply with procurement regulations rather than a breach of an implied-in-fact contract to fully and fairly consider the plaintiff's bid. Because this Court's equity jurisdiction depends upon the existence of a contractual relationship, a duty owed by virtue of a statute or regulation cannot, under the plain terms of § 1491(a)(3), justify exercise of that authority. *Ingersoll-Rand Co. v. United States,* 2 Cl.Ct. at 376; *Cecile Industries, Inc. v. United States,* No. 357–83C, at 7–8.

■ Plaintiff also contends that any award to the lowest bidder ITS, would be arbitrary and capricious because of the nonresponsibility of ITS and the nonresponsiveness of its bid. Plaintiff claims ITS is nonresponsive because of its failure to indicate in its bid whether it had paid or agreed to pay any fee contingent upon the award of the contract. However, ITS' letter amending its original bid submission and certifying that it had not paid or agreed to pay any fee contingent upon award of the contract remedies that deficiency. The contracting officer can give the bidder an op-

portunity to cure any deficiency resulting from a minor informality or irregularity in a bid. 41 C.F.R. § 1–2.405 (1982). The contracting officer did so here.

■ Plaintiff also claims that the ITS bid is approximately $200,000 or 38% less than the plaintiff's bid and that ITS is nonresponsible because its bid is so low that it cannot possibly meet the contract's performance schedule. Plaintiff presents no support for this conclusion other than speculation. Plaintiff's unsupported allegations are not sufficient for this Court to require that the defendant not consider ITS's bid. Additionally, information relating to a bidder's responsibility need not be furnished with the bid in response to a solicitation, but may be furnished up to the time of the award of the contract. *Heli-Jet Corporation v. United States,* 2 Cl.Ct. 613 at 620–621 (Cl.Ct.1983) (Yannello, J.).

■ Finally, to establish entitlement to relief on the basis of the government's breach of an implied-in-fact contract, the plaintiff must first show that it was "within the zone of active consideration" for a contract award. *Morgan Business Associates, Inc. v. United States,* 223 Ct.Cl. 325, 332, 619 F.2d 892, 896 (1980). Thus, if there is no substantial chance that the plaintiff's proposal would lead to an award, then the government's breach of duty did not damage the plaintiff. *Id.* Plaintiff's bid, the eighth highest submitted, was over $200,000 greater than ITS' bid and over $100,000 greater than the next low bid. Not only does plaintiff have to eliminate ITS from the contract award here, but it also must hurdle six other lower bidders. Plaintiff has not demonstrated that such a result is likely. The chance of plaintiff's proposal leading to an award is not substantial.

Accordingly, the defendant's motion to dismiss is granted, and the complaint will be dismissed.