78 F.3d 603
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ernest L. LEVINE, Plaintiff-Appellant,
v.
Roger JOHNSON, Administrator, General Services
Administration, Barbara Vogt, Contracting Officer
of the General Services Administration
and General Services
Administration,
Defendants-Appellees.
 No. 94-1133.
 United States Court of Appeals, Federal Circuit.
 Feb. 8, 1996.
 
 Before RICH, Circuit Judge, NIES, Senior Circuit Judge,* and NEWMAN, Circuit Judge.
 NIES, Senior Circuit Judge.
 
 
 1
 In this appeal involving a small business set aside contract, the plaintiff, Ernest L. Levine, challenges the decision of the United States District Court for the Northern District of Illinois dismissing his suit for a declaratory judgment and bid preparation costs. Levine v. United States, No. 91 C 2790 (N.D.Ill. March 23, 1993). For the reasons stated below, we affirm.
 
 BACKGROUND
 
 2
 The General Services Administration (GSA), on March 27, 1990, issued a solicitation for bids on certain materials, including carpeting. The solicitation included Special Item 32, which was designated as a small business set aside. The solicitation for Item 32 contained a notice provision in compliance with the Federal Acquisition Regulations (FAR), which read as follows:
 
 
 3
 A manufacturer or regular dealer submitting an offer in its own name agrees to furnish, in performing the contract, only end items manufactured or produced by small business concerns.
 
 
 4
 FAR 52.219-6 (April 1984).
 
 
 5
 Levine submitted a bid naming Beaulieu Carpets as his supplier of the carpet. In response to his bid, the GSA contracting officer, Barbara Vogt, sent Levine a letter advising him that his best and final offer was due by October 10, 1990. She also opined that he had identified a supplier which to her knowledge did not qualify as a small business. Vogt suggested that Levine resubmit his bid with a small business supplier to avoid being found a nonresponsive bidder should his final bid be the lowest. Levine replied that there was no connection between himself and Beaulieu Carpets, and therefore, he declined to substitute another supplier. He submitted a best and final offer without replacing Beaulieu. The contract was awarded to the low bidder, Buckner Industries, Inc.
 
 
 6
 Thereafter, Levine filed suit in the United States District Court for the Northern District of Illinois seeking both equitable and monetary relief. The thrust of Levine's complaint was that he was unfairly barred from participating in small business set asides on the basis of his supplier. As relief, he sought a declaration of the rights of the parties under the FARs 52.219-6 and 52.219-14; an injunction ordering GSA to allow him to participate in the future small business set aside procurements using Beaulieu Carpets as supplier; and bid preparation costs attributable to his unsuccessful bid. After proceedings before two judges, Levine's declaratory and injunctive claims (identified as Counts I and II) were dismissed for lack of jurisdiction and his claim for bid preparation costs (Count III) for failure to state a claim. This appeal followed.
 
 DISCUSSION
 I.
 Due Process Rights
 
 7
 As an initial matter, Levine argues that he was denied "due process"[1] because Judge Zagel, who was substituted for Judge Rovner, did not certify he had familiarized himself with the record as required by Fed.R.Civ.P. 63,[2] and "deprived" Levine of the "opportunity to obtain an Affidavit from Judge Rovner as to the issues heard" and "as to how Judge Rovner would rule on the case."
 
 
 8
 Levine's arguments are meritless. The substitution of judges occurred upon Judge Rovner being elevated to the appellate bench. No trial or hearing was in progress at the time Judge Zagel took over the case. Accordingly, Fed.R.Civ.P. 63 is inapplicable. Further, Judge Rovner's opinion on the pending motions to dismiss on which she had not acted is wholly irrelevant.
 
 II.
 
 9
 We review a dismissal for lack of jurisdiction and failure to state a claim de novo. Shearin v. United States, 992 F.2d 1195 (Fed.Cir.1993); Gould, Inc. v. United States, 935 F.2d 1271, 1273-74 (Fed.Cir.1991). Further, "in reviewing a dismissal for failure to state a claim, we must assume all well-pled factual allegations are true and indulge in all reasonable inferences in favor of the nonmovant." Gould, 935 F.2d at 1274.
 
 
 10
 This court has diligently sought to assist appellant who had counsel below but is proceeding pro se in this appeal.[3] Appellant raises numerous issues on appeal that were not addressed in the trial court's opinion. Accordingly, this court obtained the motions and responses made to the trial court in order to determine the proper issues for review. As the panel advised appellant at oral argument, an appellate court must review the work of the trial court for error. Unless an issue was appropriately raised for ruling before the trial court, the trial court cannot be guilty of error. As held in Frank v. Department of Transportation, 35 F.3d 1554 (Fed.Cir.1994), "we do not consider issues that were not raised in the proceedings below." Id. at 1559 (citing Oshiver v. Office of Personnel Mgmt., 896 F.2d 540, 542 (Fed.Cir.1990).
 
 
 11
 Having reviewed the opinion of the district court on the issues before it, we must affirm. Only one statute, the Little Tucker Act, 28 U.S.C. § 1346(a)(2) (1988),[4] provides Levine with a possible claim but he failed to plead facts which would establish a claim under that statute.
 
 A.
 
 12
 As a basis for jurisdiction, Levine relies, inter alia, on the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202. Conceding that the Declaratory Judgment Act does not create or expand the jurisdiction of the federal courts, Levine asserts that once jurisdiction exists pursuant to the Little Tucker Act, 28 U.S.C. § 1346(a)(2), a court could grant equitable relief pursuant to the Declaratory Judgment Act. Although limited equitable relief may be available under the Little Tucker Act, "the equitable relief must be incidental to and collateral to a claim for money damages." Bobula v. United States Dept. of Justice, 970 F.2d 854, 858-59 (Fed.Cir.1992); Simanonok v. Simanonok, 918 F.2d 947, 952 (Fed.Cir.1990). We agree with the government that Levine's equitable claims are neither incidental to nor collateral to any monetary claim. Levine merely seeks (1) to have a declaration that he is an eligible bidder on a small business set aside contract despite failure to comply with FAR 52.219-6 and (2) an order from this court requiring the government to permit Levine to participate in the future in the "small business set aside procurements offering supplies manufactured by Beaulieu Carpets." Levine neither seeks an injunction preventing the contract on which he bid from being awarded to Buckner, nor an order requiring the government to award him the contract.
 
 
 13
 Levine also asserts jurisdiction under the Administrative Procedure Act, 5 U.S.C. §§ 702, 703, and 706. We agree with the district court, however, that Levine's claims for relief were not based on a final agency action declaring his bid was ineligible. Only the Small Business Administration (SBA), not GSA, has that authority. See 48 C.F.R. § 19.301(b) (1990). SBA is not a party. Moreover, Levine does not even contend that the contracting officer's letter was a final agency action under the APA. As the district court stated, "[n]owhere does [Levine] allege he took the slightest step toward initiating an administrative review of his claim." Levine argues that the contracting officer was obligated to obtain SBA review in view of his "protest" to the application of the regulation to his bid. However, the cited regulation, 48 C.F.R. § 19.302, is couched in discretionary terms.[5] Clearly, the contracting officer does not have to send all questionable bids in advance of award for review by the SBA. Levine himself could have done so but he failed to initiate, much less exhaust, his administrative remedies. Therefore, there is no basis for jurisdiction under the APA or under the Small Business Act, 15 U.S.C. § 634(b)(1).
 
 
 14
 Finally, we agree with the district court that jurisdiction cannot rest on 28 U.S.C. § 1331 (federal question) or the Wunderlich Act, 41 U.S.C. § 321 for reasons stated by the court.
 
 B.
 
 15
 Respecting the Tucker Act claim (Count III), a bidder may base a claim on "an implied contract to have the involved bids fairly and honestly considered," United States v. John C. Grimberg Co., Inc., 702 F.2d 1362, 1367 (Fed.Cir.1983), and, as relief, may sue for its bid preparation costs. Keco Indus., Inc. v. United States, 428 F.2d 1233 (Ct.Cl.1970). The government argued that Levine failed to state a claim on which relief can be granted or lacked standing because he admits his bid did not comply with the bid invitation.[6] Levine pleaded and argued that he was treated unfairly because GSA interpreted the provisions of FAR 52.219-6, "in such a way as to unreasonably limit and impair the ability of small business contractors, such as Plaintiff, to fully participate in Government contracting opportunities." The district court correctly stated that Levine's pleading did not attack the regulation as unconstitutional or otherwise infirm. Thus, the bid invitation was proper. Levine pleaded only that GSA's interpretation of FAR 52-219-6 unreasonably impaired his contracting opportunities involving the purchase and sale of carpet. Given that the government "enjoys the unrestricted power ... to determine those with whom it will deal, and to fix the terms and conditions upon which it will make needed purchases," Peoples Gas, Light & Coke Co. v. United States Postal Serv., 658 F.2d 1182, 1200 (7th Cir.1981) (quoting Perkins v. Lucas Steel Co., 310 U.S. 113, 127 (1940)); see also Reeves, Inc. v. Stake, 447 U.S. 429, 439 n. 12 (1980); City of Milwaukee v. Yeutter, 877 F.2d 540, 545 (7th Cir.), cert. denied, 493 U.S. 976 (1989), under no set of facts based on or inferred from the pleadings could Levine prevail. Other than a conclusory statement, Levine pleaded no facts which suggest that GSA was wrong in reading the regulation in accordance with its plain language. Further he admitted in his pleadings that he did not comply. Levine cannot prevail on a claim for bid preparation costs on a nonresponsive bid to a proper bid invitation. Alabama Metal Prods., Inc. v. United States, 4 Cl.Ct. 530 (1984); Ingersoll-Rand Co. v. United States, 2 Cl.Ct. 373, 376 (1983); Cecile Indus., Inc. v. United States, 2 Cl.Ct. 690 (1983). While the second lowest bidder is not required to prove he would have actually received the contract, he must plead and prove facts showing there was a substantial chance of being the successful bidder. Caci, Inc.-Federal v. United States, 719 F.2d 1567, 1574-75 (Fed.Cir.1983) (citing Morgan Business Assoc., Inc. v. United States, 619 F.2d 892, 896 (Ct.Cl.1980)). A proper bid is the consideration for the implied contract of fair dealing. Heyer Products Co., v. United States, 140 F.Supp. 409, 412-413 (Ct.Cl.1956). Here, there was admittedly no possibility that his bid was responsive under the regulation. Levine simply makes a number of policy arguments that the regulation should not be applied except in cases where there is collusion between the bidder and supplier. However, the regulation cannot be held infirm as applied here on policy grounds. As the district court stated,
 
 
 16
 [T]he regulation is consistent with the legislative scheme it supplements because permitting large business manufacturers access to small business set asides by allowing them to deal through an independent, small business dealer would undermine the purpose of small business set asides.
 
 
 17
 Equally fatal to appellant's position is that he can point to no facts showing that his bid was actually disqualified. He was not the low bidder which removed any need for review of his status.[7]
 
 
 18
 Levine proposed to the trial court in his response that he was prepared to amend his complaint to charge that the winning bidder, Buckner, also should have been disqualified under the regulation.[8] However, such allegation would not establish Levine's right to bid preparation costs on the basis of his admittedly nonresponsive bid.
 
 III.
 Fraud in Obtaining the Government Contract
 
 19
 Levine asserts that Buckner may have committed fraud in obtaining the government contract. As a result, argues Levine, the False Claims Act, 31 U.S.C. § 3729, and RICO, 18 U.S.C. § 1961, may be applicable to the present case. He claims the right to discovery to pursue these additional claims. However, Levine never raised this charge in his original complaint or his amended complaint or before Judge Rovner.[9] Nor did he raise it in response to the government's motion to dismiss.
 
 
 20
 Apparently, after the court's judgment and after filing his appeal, Levine filed a paper in the district court asserting he had obtained evidence of fraud in the award and performance of the contract and sought to supplement the record. That request was denied in the district court and has not been appealed or renewed. Thus, a claim of fraud cannot be raised as grounds for reversal. The issue was not ruled on by the district court. It is too late to attempt to interject it into this case. Thus, we will not address Levine's fraud arguments. We similarly do not consider any possible claim under the Walsh-Healey Act, 41 U.S.C. § 43a. If Levine wishes to assert additional claims, he must bring a new action.
 
 CONCLUSION
 
 21
 Having considered the above and all other of appellant's arguments, we affirm on the basis of the district court's opinion.
 
 
 
 *
 Judge Nies assumed senior status on November 1, 1995
 
 
 [1]
 Levine asserts rights based on the Fourteenth Amendment, which, however, only applies to the states, not the federal government. Shelley v. Kraemer, 334 U.S. 1, 8 (1948); San Francisco Arts & Athletics, Inc. v. United States Olympic Comm., 483 U.S. 522, 542 (1987). We construe his assertion as a Fifth Amendment argument
 
 
 [2]
 Federal Rule of Civil Procedure 63 reads in pertinent part as follows:
 If a trial or hearing has been commenced and the judge is unable to proceed, any other judge may proceed with it upon certifying familiarity with the record and determining that the proceedings in the case may be completed without prejudice to the parties.
 
 
 [3]
 We note, however, that appellant is not a stranger to court proceedings of this nature. See Levine v. United States, 48 F.3d 1221 (7th Cir.1995) (Table), and 56 F.3d 34 (7th Cir.1995)
 
 
 [4]
 Unless otherwise noted, all citations to the United States Code are to the 1988 version
 
 
 [5]
 48 C.F.R. § 19.302(c)(1) (1990) states:
 Any contracting officer who ... wishes to protest the small business representation of an offeror, shall promptly forward the protest to the SBA....
 
 
 [6]
 The government argued that Levine lacked standing because of the absence of injury to Levine. The precedent of this court does not clearly distinguish between dismissal for lack of standing and for failure to state a claim in connection with an implied contract claim. We see no reason to examine the distinction in this case
 
 
 [7]
 As the district court noted, had the contracting officer actually protested to the SBA, Levine would not have had the opportunity to modify his bid. Apparently she was attempting to help him
 
 
 [8]
 Apparently, Buckner bought carpet yarn from a large manufacturer. Levine argues that purchasing carpet or carpet yarn is equally disqualifying. However, the regulation is directed against the purchase of end product of large manufacturers, not components that go into the end product
 
 
 [9]
 Judge Rovner granted discovery to determine the amount of Buckner's bid, i.e., whether it was lower than Levine's. That discovery was provided. Levine no longer questions that Buckner's bid was lower than his