78 F.3d 605
 40 Cont.Cas.Fed. (CCH) P 76,896
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Andrew SEARCY, Jr., individually, and d/b/a the Xerxe Group,
Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 96-5008.
 United States Court of Appeals, Federal Circuit.
 Feb. 16, 1996.
 
 Before RICH, NEWMAN, and CLEVENGER, Circuit Judges.
 CLEVENGER, Circuit Judge.
 
 
 1
 Andrew Searcy, Jr. seeks review of the decision of the United States Court of Federal Claims (CFC), Andrew Searcy, Jr. v. United States, Docket No. 95-91C (filed August 8, 1995), which dismissed his case for lack of jurisdiction. We affirm.
 
 
 2
 * On June 6, 1994, the United States Army (the government) issued a Request for Proposal (RFP) seeking bids to provide two uninterruptible power supply systems. On October 6, 1994, Mr. Searcy submitted his best and final offer of $7,742,388, which was to be adjusted by various factors. On October 24, 1994, the government awarded the contract to Cray Research, Inc. for $5,683,000. In doing so, the government notified Mr. Searcy that his proposal did not meet technical requirements because his proposed delivery dates did not conform to the schedule in the RFP.
 
 
 3
 Believing that the contract should have been awarded to him, Mr. Searcy filed a complaint in the CFC alleging that the government failed to consider his bid fairly. Mr. Searcy alleged that the government failed to recognize credits amounting to $2,102,050, which would make him the lowest cost bidder. Accordingly, Mr. Searcy's complaint sought both equitable and monetary relief. The CFC dismissed Mr. Searcy's claim for lack of jurisdiction, and Mr. Searcy appealed to this court. We have jurisdiction to review the CFC's decision pursuant to 28 U.S.C. § 1295(a)(3) (1994).
 
 II
 
 4
 Whether the CFC has jurisdiction to adjudicate a claim is a question of law that we review de novo. Reflectone, Inc. v. Dalton, 60 F.3d 1572, 1575 (Fed.Cir.1995) (in banc).
 
 
 5
 Mr. Searcy requests various forms of equitable relief, including that the court award the contract to him as the lowest cost, technically acceptable bidder. The CFC, however, has jurisdiction to exercise its equitable powers only in those cases in which the complaint is filed before the contract at issue is awarded. United States v. John C. Grimberg Co., 702 F.2d 1362, 1367 (Fed.Cir.1983). Because Mr. Searcy initiated this lawsuit on February 7, 1995, well after the contract had been awarded, the CFC lacks jurisdiction to award Mr. Searcy the equitable relief he requests.
 
 
 6
 Mr. Searcy also seeks compensatory damages based upon violations of the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 601-613 (1994). Jurisdiction under the relevant section of the CDA requires the breach of either an express or implied contract with the United States for the procurement of services or property. Coastal Corp. v. United States, 713 F.2d 728, 730 (1983); see 41 U.S.C. § 602(a) (1994). As the losing bidder, Mr. Searcy has no express contract with the United States. Instead, Mr. Searcy's only possible contractual relationship with the United States would be the implied in-fact contract requiring the government to consider bids fairly and honestly. See Coastal, 713 F.2d at 730. The CDA, however, does not cover such implied contracts. Id. at 730-31. Therefore, the CDA does not provide the CFC authority to award Mr. Searcy compensatory damages.
 
 
 7
 We note that in situations where a complaint is filed in the CFC after the contract has already been awarded, this implied contract of fair dealing entitles the bidder to recover, at most, his bid preparation costs. Keco Indus. v. United States, 428 F.2d 1233, 1240 (Ct.Cl.1970). To have standing to recover such costs, however, an unsuccessful bidder must establish that there was a substantial chance it would have been awarded the contract had its bid been fairly considered. Morgan Business Assocs. v. United States, 619 F.2d 892, 896 (Ct.Cl.1980). In other words, to recover its bid costs, the unsuccessful bidder must have been within the zone of active consideration. Id.
 
 
 8
 The government alleges that Mr. Searcy's bid was not within the zone of active consideration because its proposed delivery date exceeded the RFP's schedule by two months. Although Mr. Searcy contends that his proposed delivery date was only seventeen days late, he admits that his proposal did not meet the RFP's requirements. Because the government was to select the lowest cost technically acceptable bid, and because Mr. Searcy's bid was technically deficient, his bid would not have been within the zone of active consideration. Therefore, Mr. Searcy lacks standing to seek bid preparation costs.
 
 
 9
 In sum, the CFC does not have jurisdiction to award Mr. Searcy either the equitable or compensatory relief he seeks, and Mr. Searcy does not have standing to seek bid preparation costs based upon an implied contract of fair dealing. We thus find no error in the decision of the United States Court of Federal Claims, which we affirm.