# In the United States Court of Federal Claims

NOT FOR PUBLICATION

No. 25-2091C
(Filed: February 4, 2026)

|  |  |
|---|---|
| **ERIKA AZIEGBE**, | ) |
|  | ) |
| *Plaintiff,* | ) |
|  | ) |
| v. | ) |
|  | ) |
| **UNITED STATES**, | ) |
|  | ) |
| *Defendant.* | ) |
|  | ) |

*Trevon J. Watson*, Law Office of Trevon Watson, PLLC, Houston, TX, for plaintiff.

*Ioana C. Meyer*, Trial Attorney, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC, for defendant. With her on the brief are *Brett A. Shumate*, Assistant Attorney General, and *Patricia M. McCarthy*, Director, and *Elizabeth M. Hosford*, Assistant Director, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, Washington, DC.

## ORDER

In a complaint filed December 9, 2025, plaintiff Erika Aziegbe, Ed.D., asserts several claims related to a loan allegedly issued through the "Texas Single Family Housing Program," administered by the United States Department of Agriculture (USDA).[1] ECF 1 at 2. Dr. Aziegbe alleges her loan originated as a construction loan—for which payments *were not* immediately due—but that the government illegally converted it to a permanent loan—for which payments *were* immediately due. *Id.* at 3–4. In addition to breach of contract, Dr. Aziegbe asserts violations of the Fair Credit Reporting Act (FCRA), 15 U.S.C. §§ 1681–81x, and the Texas Deceptive Trade

---

[1] While the Court has been unable to verify the existence of a program by the name of the "Texas Single Family Housing Program," USDA Rural Development in Texas does administer the "Single Family Housing Direct Home Loan Program." *See Single Family Housing Direct Home Loans in Texas*, USDA Rural Dev., *available at* https://perma.cc/TG3M-5Q8U.

Practices–Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63. Dr. Aziegbe seeks declaratory judgment and monetary and injunctive relief.[2]

On January 22, 2026, Dr. Aziegbe filed an application for a temporary restraining order (TRO) and temporary and permanent injunctions, seeking to enjoin the government from: "reporting, furnishing, and/or continuing to report the alleged debt that is subject of this lawsuit to any consumer credit reporting agency including but not limited to TransUnion, Experian, and Equifax."[3] ECF 5 at 18. In response, on February 3, 2026, the government requested a forty-five-day enlargement of time to both respond to the complaint and oppose plaintiff's motion for injunctive relief. ECF 6. If granted, defendant's deadline to respond to the complaint would extend to March 26, 2026, and the deadline to oppose plaintiff's application for emergency relief would extend to March 23, 2026. In support, the government submits the additional time is necessary to, among other things, "review the information, obtain any further documents or clarification from relevant personnel," and obtain "mandatory supervisory review." *Id.* at 1. Plaintiff opposes the government's request.

As an initial matter, plaintiff's application for emergency injunctive relief must be denied. There are myriad problems with the motion, not least of which that its "Arguments and Authorities" section asserts a TRO is warranted under the Texas Rules of Civil Procedure, which do not apply in this Court; this Court instead follows the RCFC. *Compare* Tex. R. Civ. P. 2 ("These rules govern the procedure in the justice, county, district, and business courts of the State of Texas in all actions of a civil nature, with such exceptions as may be hereinafter stated."), *with* RCFC 1 ("These rules govern the procedure in the United States Court of Federal Claims in all suits."). The application's decisive defect, however, is that it seeks relief this Court is not empowered to award. "[T]he Court of Federal Claims 'does not have the general equitable powers of a district court to grant prospective relief'. . . ." *Maine Cmty. Health Options v. United States*, 590 U.S. 296, 327 (2020) (quoting *Bowen v. Massachusetts*, 487 U.S. 879, 905 (1988)). There are only three situations in which the Court may grant equitable relief: "(1) in bid protest actions brought pursuant to

---

[2] Prior to filing this matter, on August 30, 2024, Dr. Aziegbe sought relief for substantially the same alleged wrongdoing in the Harris County (Texas) Civil Court at Law No. 1 (Case No. 1234030). That action was removed to the United States District Court for the Southern District of Texas and then voluntarily dismissed without prejudice on March 6, 2025. *See Aziegbe v. U.S. Dep't of Agric.*, No. 24-4879 (S.D. Tex. Mar. 6, 2025), ECF 18.

[3] Plaintiff's request for a permanent injunction can only be granted if she ultimately prevails on the merits. *Limco Airepair, Inc. v. United States*, 130 Fed. Cl. 544, 550 (2017) ("A plaintiff who cannot demonstrate actual success upon the merits cannot prevail upon a motion for permanent injunctive relief." (citing *Nat'l Steel Car, Ltd. v. Canadian Pac. Ry., Ltd.*, 357 F.3d 1319, 1325 (Fed. Cir. 2004))). Thus, in requesting a permanent injunction, plaintiff is effectively moving for judgment on the pleadings under Rule 12(c) of the Rules of the United States Court of Federal Claims (RCFC), which the Court must deny as premature. RCFC 12(c) ("*After the pleadings are closed*—but early enough not to delay trial—a party may move for judgment on the pleadings." (emphasis added)). Plaintiff may renew her request for judgment on the pleadings at the appropriate juncture.

28 U.S.C. § 1491(b); (2) as 'incident of and collateral to' a monetary judgment, as set out in the first two sentences of 28 U.S.C. § 1491(a)(2); and (3) for certain types of nonmonetary CDA claims, as described in the last sentence of § 1491(a)(2)." *Sergent's Mech. Sys., Inc. v. United States*, 157 Fed. Cl. 41, 47 (2021). Put simply, this is not a bid protest, no monetary judgment is in order at this time, and plaintiff has not brought a CDA claim.[4]

Examining plaintiff's complaint through the lens of this Court's statutorily limited jurisdiction, the Court is further compelled to dismiss plaintiff's complaint insofar as she asserts violations of the FCRA and the Texas Deceptive Trade Practices–Consumer Protection Act. *See* RCFC 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004) ("Subject-matter jurisdiction may be challenged at any time by the parties or by the court *sua sponte*." (citing *Fanning, Phillips & Molnar v. West*, 160 F.3d 717, 720 (Fed. Cir. 1998))). The federal district courts have exclusive jurisdiction over FCRA claims. *See King v. United States*, 112 Fed. Cl. 396, 401 n.6 (2013) (citing *United States v. Bormes*, 568 U.S. 6, 14 n.5 (2012)). Plaintiff's claim under the Texas Business & Commerce Code fares no better. "Claims founded on state law are also outside the scope of the limited jurisdiction of the Court of Federal Claims." *Souders v. S.C. Pub. Serv. Auth.*, 497 F.3d 1303, 1307 (Fed. Cir. 2007) (first citing 28 U.S.C. 1491(a)(1); and then citing *United States v. Mitchell*, 463 U.S. 206, 215–18 (1983)). Accordingly, the sole remaining claim is plaintiff's alleged breach of contract.

Because plaintiff's application for a TRO and preliminary and permanent injunctions is denied, defendant's request for an extension of time to file a response thereto is moot. As for defendant's request for an enlargement of time to respond to the complaint, an extension is warranted under RCFC 6(b) for good cause shown. Rather than the forty-five days requested, particularly given the Court's narrowing of the scope of this matter, the Court will grant a thirty-day extension, until March 11, 2026.

**CONCLUSION**

For the foregoing reasons,

(1) Plaintiff's application for a TRO and preliminary and permanent injunctions (ECF 5) is **DENIED**.

---

[4] It makes no difference that plaintiff identifies the Little Tucker Act, 28 U.S.C. § 1346(a), rather than the Tucker Act, 28 U.S.C. § 1491, as the jurisdictional basis for her lawsuit, ECF 1 at 2. *Levine v. Johnson*, No. 94-1133, 1996 WL 53699, at *2 (Fed. Cir. Feb. 8, 1996) ("Although limited equitable relief may be available under the Little Tucker Act, 'the equitable relief must be incidental to and collateral to a claim for money damages.'" (first quoting *Bobula v. U.S. Dep't of Just.*, 970 F.2d 854, 858–59 (Fed. Cir. 1992); and then citing *Simanonok v. Simanonok*, 918 F.2d 947, 952 (Fed. Cir. 1990))).

(2) Plaintiff's complaint (ECF 1) is **DISMISSED** for lack of subject-matter jurisdiction insofar as she claims violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–81x, and the Texas Deceptive Trade Practices–Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63.

(3) The Clerk of Court is directed to **DISMISS** plaintiff's complaint for lack of subject-matter jurisdiction insofar as she claims violations of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681–81x, and the Texas Deceptive Trade Practices–Consumer Protection Act, TEX. BUS. & COM. CODE ANN. §§ 17.41–17.63.

(4) Defendant's motion for an enlargement of time (ECF 6) is **DENIED-IN-PART** and **GRANTED-IN-PART** as follows:

  a. Defendant's motion is **DENIED-IN-PART** as moot insofar as it seeks an extension of time to respond to plaintiff's application for a TRO and preliminary and permanent injunctions; and

  b. Defendant's motion is **GRANTED-IN-PART** insofar as it seeks an extension of time to respond to plaintiff's complaint.

(5) Defendant shall **FILE** a response to plaintiff's complaint on or before **March 11, 2026**.

It is so **ORDERED**.

_____
Armando O. Bonilla
Judge

4