Vincent SCHICKLER, Appellant,

v.

Thurman M. DAVIS, Sr., Acting Administrator, General Services Administration, Appellee.

No. 01–1170.

United States Court of Appeals, Federal Circuit.

June 5, 2001.

---

Before RADER, GAJARSA, and LINN, Circuit Judges.

PER CURIAM.

Vincent Schickler sought damages for wrongful debarment. The General Services Administration Board of Contract Appeals dismissed Mr. Schickler's appeal for lack of jurisdiction. Because the Board correctly determined that it lacked jurisdiction over this appeal, this court *affirms*.

I.

The General Services Administration (GSA) accepted a tender of rates for ocean freight forwarding services from TMD U.S.A., Inc. (a corporation over which Mr. Schickler has presided) for a one-year pe-

riod ending January 31, 1993. During the one-year period, GSA placed TMD in non-use status and placed orders with other firms for ocean freight forwarding services. TMD submitted a claim to a contracting officer for breach of contract and requested damages allegedly caused by GSA's breach. The contracting officer awarded TMD $158.

TMD appealed the contracting officer's decision to the Board, alleging that GSA had improperly placed TMD in non-use status and requesting damages in the amount of $49,999.99. In October, 1996, the Board determined that GSA did not follow its own regulations when it placed TMD in non-use status and awarded TMD $395 in damages for breach of the contract between TMD and GSA.

Mr. Schickler and TMD later submitted another claim to a contracting officer, this time for damages allegedly resulting from GSA debarring TMD and Mr. Schickler from bidding on GSA procurement contracts. Mr. Schickler and TMD appealed the contracting officer's deemed denial of that claim to the Board. In his appeal notice, Mr. Schickler stated that TMD was by that time a "One Man Closed Corporation" and that Mr. Schickler was at all pertinent times president of TMD. Mr. Schickler further asserted that after placing TMD and Mr. Schickler in non-use status, GSA wrongfully debarred TMD and Mr. Schickler for failures in their services under the contract with GSA. Because of the foregoing, Mr. Schickler asserted that he was owed damages calculated as: "An average of the actual profits realized during the non-debarred years ... multiplied by the number of debarred years." GSA moved to dismiss Mr. Schickler's appeal for lack of subject matter jurisdiction. The Board granted GSA's motion, holding that it lacked jurisdiction to review a claim for

damages resulting from an alleged wrongful debarment. Also, the Board stated that to the extent the notice of appeal could be read as claiming damages resulting from the original contract with GSA, such a claim would be barred by *res judicata.* The Board then dismissed TMD and Mr. Schickler's appeal for lack of subject matter jurisdiction. Mr. Schickler appeals the dismissal. This court has jurisdiction under 28 U.S.C. § 1295(a)(10) (1994).

## II.

This court's review of the Board's decision is limited. The Board's "decision on any question of fact shall be final and conclusive and shall not be set aside unless the decision is fraudulent, or arbitrary, or capricious, or so grossly erroneous as to necessarily imply bad faith, or if such decision is not supported by substantial evidence." 41 U.S.C. 609(b) (1994). However, the Board's jurisdiction is a question of law that this court reviews without deference. *Ra–Nav Labs., Inc. v. Widnall,* 137 F.3d 1344, 1346 (Fed.Cir.1998).

■ Under the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (1994), the Board has jurisdiction over appeals from GSA contracting officer decisions relative to contracts made by GSA or by other agencies that designate the Board to decide appeals. *Id.* § 607(d). The Board's jurisdiction under the Contract Disputes Act does not extend to all types of government contracts. *Coastal Corp. v. United States,* 713 F.2d 728, 730–31 (Fed.Cir. 1983). Contracts within the scope of the Contract Disputes Act are generally limited to those "entered into by an executive agency for—(1) the procurement of property, other than real property in being; (2) the procurement of services; (3) the procurement of construction, alteration, repair or maintenance of real property; or, (4) the disposal of personal property." 41 U.S.C. § 602(a).

In *Coastal Corp.,* this court held that an asserted implied contract to fairly and honestly consider submitted bids "was preliminary and ancillary to any contract, express or implied, the government might enter into for goods or services. It was not itself such a contract, however." 713 F.2d at 730. This court noted that some boards of contract appeals had previously extended jurisdiction to claims based on "other contracts tangentially connected with government procurement of goods and services," such as claims for bid preparation costs. *Id.* However, this court then stated, "We reject this gloss upon the unambiguous language of the statute. Congress explicitly specified the types of contract that it intended the [Contract Disputes] Act to cover. An implied contract to treat bids honestly and fairly is not one of them." *Id.*

■ Mr. Schickler's claim alleges that the wrongful debarment by GSA unfairly excluded him from the possibility of entering future government procurement contracts. This claim does not appear to be based on a breach of contract by GSA. However, Mr. Schickler argues that the Board had jurisdiction because all the acts that caused the claimed damages resulted from the contract between TMD and GSA. While this does establish some connection between the alleged wrongful act by the government and a procurement contract, the connection must be more than tangential. *Id.* Like the connection between the breached contract and the future procurement contracts in *Coastal Corp.,* the connection between the alleged wrongful debarment and TMD's contract with GSA was merely tangential. The connection between the debarment and future contracts for which TMD and Mr. Schickler could not compete was also tangential.

Accordingly, the Board correctly held that it did not have jurisdiction under the Contract Disputes Act.

AFFIRMED. *See* Fed. Cir. R. 36.