# ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Amaratek | ) ASBCA No. 60503 |
| | ) |
| Under Contract No. W9124R-11-P-1054 | ) |

APPEARANCE FOR THE APPELLANT: Mr. David P. Dumas
President

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
Frank A. March, Esq.
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal arises from a challenge filed by appellant Amaratek to an in-sourcing decision made by the Department of the Army (Army). The Army has moved to dismiss the appeal, alleging that Amaratek's "claim" is a bid protest over which this Board lacks jurisdiction pursuant to the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109. Amaratek opposes the Army's motion to dismiss, arguing that its challenge to the in-sourcing decision qualifies as a claim because it seeks non-monetary relief. Amaratek alternatively argues that the Army's in-sourcing decision itself qualifies as a claim, giving rise to our jurisdiction to hear this appeal. For the reasons set forth below, we grant the Army's motion.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On 26 May 2011, the Army's Mission & Installation Contracting Command Center-Yuma awarded Contract No. W9124R-11-P-1054 (the contract) to Amaratek for the provision of material analysis laboratory services at Yuma Proving Ground in Yuma, Arizona (R4, tab 1 at 1, 3). The contract consisted of one base period from 1 July 2011 through 30 June 2012 and two option periods, from 1 July 2012 through 30 June 2013 and 1 July 2013 through 30 June 2014 (id. at 3, 9, 13). After multiple contract extensions, performance was completed on 31 March 2016 (compl. at 1).

2. By letter dated 24 August 2015, the contracting officer notified Amaratek that pursuant to 10 U.S.C. § 2463 and its implementing guidelines, the Army intended to in-source the services Amaratek was then providing under the contract (R4, tab 20 at 2).

3. By letter dated 2 September 2015 to the contracting officer, Amaratek responded to the Army's 24 August 2015 letter and stated the following:

> I am writing to request that this decision be reversed based upon factors not taken into consideration. Amaratek claims relief from this decision and to be awarded the ability to compete for a contract to provide Material Analysis Laboratory Services at [Yuma Proving Ground] in accordance to competitive sourcing laws, policies, and in accordance to all the legal accommodations afforded small businesses.

(R4, tab 12 at 1)

4. Amaratek's 2 September 2015 letter included a detailed analysis of the reasons why, in its view, the Army's in-sourcing decision did not comply with 10 U.S.C. § 2463 and its implementing guidelines (R4, tab 12). The letter concluded by again requesting that the Army's insourcing decision "be reconsidered and that the contract be fairly competed among qualified contractors" (R4, tab 12 at 9). The letter did not include a demand for payment of any money under the contract; nor did it include any form of certification (*id.*).

5. Amaratek filed a bid protest with the Government Accountability Office (GAO) on 15 March 2016. The GAO treated Amaratek's 2 September 2015 letter to the contracting officer as an agency-level protest, and on 24 March 2016 dismissed Amaratek's GAO protest for failure to diligently pursue its protest. *Amaratek*, B-412865 (Comp. Gen. Mar. 24, 2016) (R4, tab 22).

6. Amaratek filed its notice of appeal with the Board on 16 March 2016, one day after filing its bid protest with the GAO. Amaratek's complaint, filed with the Board on 8 April 2016, states Amaratek is seeking "[a] fair competitive solicitation" and damages of $71,421 for each month it is prevented from providing the laboratory services until Amaratek is reinstated or a new contractor begins performance (compl. at 13). Amaratek's complaint includes a partial CDA certification stating "I certify that the request is made in good faith, and that the supporting data are accurate and complete to the best of my knowledge and belief" (*id.*).

## THE PARTIES' CONTENTIONS

The Army has moved to dismiss this appeal, arguing that Amaratek's 2 September 2015 letter (1) was not a claim but rather was an agency-level protest over which the Board lacks jurisdiction, and (2) could not otherwise qualify as a claim because it did not include a sum certain or proper certification (gov't mot. at 2-3). In response, Amaratek argues that its 2 September 2015 letter was a non-monetary claim that did not require the inclusion of a sum certain or certification (app. resp. at 1-2). Amaratek alternatively argues that it is seeking relief from a government claim, i.e., the Army's 24 August 2015 letter notifying Amaratek of its in-sourcing decision (*id.* at 2).

2

## DECISION

Amaratek bears the burden of proving the Board's jurisdiction by a preponderance of the evidence. *Reynolds v. Army & Air Force Exchange Service*, 846 F.2d 746, 748 (Fed. Cir. 1988); *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. "The linchpin of this Board's jurisdiction under the CDA is a written claim by either the contractor or the government." *TTF, LLC*, ASBCA No. 59511 *et al.*, 15-1 BCA ¶ 35,883 at 175,434; *see Connectec Company, Inc.*, ASBCA No. 57546, 11-2 BCA ¶ 34,797 at 171,258 (citing CDA, 41 U.S.C. § 7103(a)). Although the CDA does not define the term "claim," the Federal Acquisition Regulation (FAR) does: "*Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract." FAR 2.101. Amaratek must therefore prove by a preponderance of the evidence that either the Army's 24 August 2015 letter or Amaratek's 2 September 2015 response thereto constituted a "claim" pursuant to FAR 2.101. *CCIE & Co.*, 14-1 BCA ¶ 35,700 at 174,816.

Amaratek cannot meet its burden of proof with respect to either letter. The Army's 24 August 2015 letter was not a "demand" or "assertion" seeking the payment of money the Army alleged it was due, or the interpretation of contract terms or other relief arising under the contract as required by FAR 2.101. In fact, the letter did not seek anything at all – instead, it merely notified Amaratek, as required by 10 U.S.C. § 2463, that the Army intended to in-source the laboratory services Amaratek was then providing (SOF ¶ 2). *See Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1265 (Fed. Cir. 1999) (claim must "specifically assert entitlement to the relief sought...[and] be a demand for something due or believed to be due").

Amaratek's 2 September 2015 letter itself also does not qualify as a proper claim "arising under or relating to" this contract, as required by FAR 2.101. We have previously held that where an appellant's claim is based upon a government decision concerning a contract not yet in existence, the Board lacks jurisdiction to hear the case because the claim "does not arise under or relate to appellant's contract." *Statistica, Inc.*, ASBCA No. 44116, 92-3 BCA ¶ 25,095 at 125,126. Instead, such a claim is more in the nature of a bid protest, over which the Board lacks jurisdiction. *Id.* at 125,126-27 (citing *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed. Cir. 1983)).

The facts in *Statistica* are analogous to the facts involved in this appeal. In *Statistica* the State Department awarded a contract for data processing services to the Small Business Administration (SBA), who then subcontracted with Statistica, a participant in the SBA's Section 8(a) program. During the course of Statistica's performance, the contracting officer proposed a modification that would have added new labor categories to the existing contract. The SBA notified the contracting officer that the modification was considered a new contract for which Statistica was ineligible because it had graduated from the Section 8(a) program. Statistica disagreed with the SBA's

3

determination, and requested that the contracting officer issue a finding that the proposed modification was within the scope of the original contract and to then execute the modification. When the contracting officer declined to do so, Statistica filed an appeal with the Board. We held that we lacked jurisdiction to entertain the appeal because the dispute did "not arise under or relate to appellant's contract, but rather, it relate[d] to a contract not yet in being." 92-3 BCA ¶ 25,095 at 125,126.

Here, Amaratek disputes the propriety of an Army decision concerning whether it will (1) continue to acquire laboratory services for the Yuma Proving Ground from an outside contractor or (2) make arrangements to have them performed by government personnel. As in *Statistica*, this dispute does not relate to a contract already in existence, but rather to a hypothetical contract that the Army, by exercising its in-sourcing authority, has already decided will never exist – a contract "not yet in being." *See id*, 92-3 BCA ¶ 25,095 at 125,126. As we stated in *Statistica*, "[t]he present dispute, at its most fundamental level, is a disagreement over an agency's acquisition decision, and is akin to a bid protest action," over which the Board lacks jurisdiction. *Id.*; *Coastal Corp.*, 713 F.2d at 730. To the extent Amaratek is requesting that the Board order the Army to reverse its in-sourcing decision; that also fails to create jurisdiction in the Board because the Board does not possess authority to grant injunctive relief or to order specific performance. *Statistica*, 92-3 BCA ¶ 25,095 at 125,127.

## CONCLUSION

The government's motion to dismiss is granted. The appeal is dismissed for lack of jurisdiction.

Dated: 7 September 2016

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60503, Appeal of Amaratek, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals
