**COASTAL CORPORATION, Moss Bluff Storage Venture, and New Jersey Strategic Petroleum Reserve, Appellants,**

v.

**The UNITED STATES, Appellee.**

**Appeal No. 83–706.**

United States Court of Appeals, Federal Circuit.

Aug. 3, 1983.

William W. Thompson, Jr., Washington, D.C., for appellants.

Allen C. Peters, Washington, D.C., for appellee. With him on brief were J. Paul McGrath, Asst. Atty. Gen., David M. Cohen, Director and Thomas W. Petersen, Washington, D.C.

Before MARKEY, Chief Judge, and FRIEDMAN and NIES, Circuit Judges.

FRIEDMAN, Circuit Judge.

This is an appeal from a decision of the Department of Energy Board of Contract Appeals (Board) that denied, on the merits, the appellants' claim for bid preparation costs incurred in connection with a government solicitation for proposals that was cancelled before any contract was awarded. We vacate the decision of the Board because the Board had no jurisdiction over the claim.

## I.

This case arose from the efforts of the Department of Energy (Department) to develop storage facilities for a large amount of petroleum for national emergencies as a "Strategic Petroleum Reserve." The Department decided to award contracts to a number of private companies to develop the facilities necessary to store "up to 600 million barrels" of petroleum to be included in the Reserve.

The Request for Proposals stated that the proposals would be submitted in two stages. First, unpriced technical proposals would be evaluated for feasibility and adequacy. Those making approved proposals would then be invited to submit additional data, including prices, after which the contractors would be selected. The Request stated that the Department would not consider price in making its determinations, that the government was not committed "to pay costs incurred in the submission of a proposal," and that the government might terminate the procurement "at any stage" and reject "any and all offers."

The appellants and others submitted unpriced technical proposals. The appellants' proposals were deemed acceptable. The appellants were then invited to submit priced proposals, which they did. The Department did not accept any of the proposals, but instead cancelled the solicitation. There is a dispute whether the Department's reason for cancellation was a change in the world crude petroleum market, as the Department stated in its letters to the proposers announcing the termination of the solicitation, or the government's conclusion that it could build the facilities itself for less, as the appellants argue.

Following the cancellation of the solicitation, the appellants filed a claim for more than $2 million for the cost of preparing their proposals. They sought this amount on the theory that there was an implied contractual commitment by the government to pay them the bid preparation cost because the government improperly had cancelled the solicitation. After the contracting officer denied the claim, the appellants sought recovery before the Board. The government moved to dismiss the claim on

various grounds, including lack of Board jurisdiction over bid protest matters.

After hearing, the Board denied the claim on the merits. It held that the appellants had not proved their case for the recovery of bid preparation costs. The Board then ruled that the government's motion to dismiss was moot.

## II.

■ The government argues that the Board had no jurisdiction over the appellants' claim. In response, the appellants point out that in its answer to their complaint before the Board, the government "admitted" the allegations that the Board had jurisdiction under the two statutes the appellants cited as jurisdictional bases for their complaint. Jurisdiction of a tribunal, however, cannot be conferred by waiver or acquiescence. A court always is obligated to consider not only its own jurisdiction but that of the tribunal from which an appeal is taken. *Mansfield, Coldwater & Lake Mich. Ry. Co. v. Swan,* 111 U.S. 379, 382, 4 S.Ct. 510, 511, 28 L.Ed. 462 (1884).

A. The appellants invoked the Board's jurisdiction under two statutory provisions. The first, the Contract Disputes Act of 1978, 41 U.S.C. §§ 601–613 (Supp. V 1981), in section 3(a) makes the Act applicable to

any express or implied contract . . . entered into by an executive agency for—

(1) the procurement of property, other than real property in being;

(2) the procurement of services;

(3) the procurement of construction, alteration, repair or maintenance of real property; or,

(4) the disposal of personal property.

41 U.S.C. § 602(a) (Supp. V 1981).

■ The scope of the Act thus is limited to express or implied contracts for the procurement of services and property and for the disposal of personal property. It does not cover all government contracts.

The theory upon which a contractor may recover bid preparation costs is that the government had breached an implied contract, obligating it "to treat a bid honestly and fairly," because its "conduct was arbitrary and capricious toward the bidder-claimant." *See, e.g., KECO Indus., Inc. v. United States,* 492 F.2d 1200, 1203, 1205, 203 Ct.Cl. 566 (1974); *Heyer Prod. Co. v. United States,* 140 F.Supp. 409, 413–14, 135 Ct.Cl. 63 (1956). That implied contract, which defines the way the government must deal with bids in the process of selecting a contractor, is not a contract for the procurement of goods or services under section 3(a) of the Act.

The implied contract to give bids "fair and honest consideration" (*KECO,* 492 F.2d at 1203) that the appellants assert the government breached, was preliminary and ancillary to any contract, express or implied, the government might enter into for goods or services. It was not itself such a contract, however.

Some boards of contract appeals have taken jurisdiction over bid preparation cost claims on the theory that section 3(a) covers not only the particular kinds of contract there specified, but also other contracts tangentially connected with government procurement of goods and services. *See, e.g., L.A. Anderson Constr. Co.,* 82–1 B.C.A. (CCH) ¶ 15,507 (Gen.Serv.Bd.Cont.Apps. 1981); *Jones E. Davis,* 82–1 B.C.A. (CCH) ¶ 15,695 (Postal Serv.Bd.Cont.Apps.1982); *Hi-Tech Elec. Corp.,* 81–2 B.C.A. (CCH) ¶ 15,360 (Armed Serv.Bd.Cont.Apps.1981). We reject this gloss upon the unambiguous language of the statute. Congress explicitly specified the types of contract that it intended the Act to cover. An implied contract to treat bids honestly and fairly is not one of them. "[T]he [Act] deals with contractors, not with disappointed bidders . . . ." *United States v. John C. Grimberg, Inc.,* 702 F.2d 1362, 1368 (Fed.Cir.1983).

■ Appellants argue—as some boards of contract appeals have held (*see, e.g., Jones E. Davis, supra; Hi-Tech Elec. Corp., supra;*)—that the last sentence of section 8(d) of the Act, 41 U.S.C. § 607(d) (Supp. V 1981), gives the Board jurisdiction over their claim. That provision states: "In exercising [jurisdiction over any appeal from a decision of a contracting officer], the

agency board is authorized to grant any relief that would be available to a litigant asserting a contract claim in the United States Claims Court." The argument is that because the United States Claims Court, as a successor to the Court of Claims, has jurisdiction over suits to recover bid preparation costs, the boards of contract appeals also have that jurisdiction.

The last sentence of section 8(d), however, does not define the kinds of contracts to which the Act applies. Section 3(a) defines the scope of the Act and, as we hold, it does not cover this type of contract. The second sentence of section 8 deals solely with the kind of relief a contract appeals board may give in a case within its jurisdiction. The provision cannot properly be considered as expanding the jurisdiction that section 3(a) gives the Board.

■ B. In their complaint to the Board, the appellants also asserted that the Board had jurisdiction over their claim under Public Law No. 85–804, 50 U.S.C. §§ 1431–1435 (1976), which authorizes any agencies that "exercise[ ] functions in connection with the national defense . . . to enter into contracts or into amendments or modifications of contracts . . . whenever [the President] deems that such action would facilitate the national defense." *Id.* at § 1431. As noted, the Board held that the government's motion to dismiss on various grounds, including lack of jurisdiction over claims for bid preparation costs, was moot in view of its decision on the merits.

In light of the Board's action, we cannot tell upon which statute the Board based its jurisdiction. Since the appellants' major emphasis before this court on the jurisdictional issue has been the Contract Disputes Act, and since appellants have not shown that the requirements of Public Law No. 85–804 have been met, we assume that the Board acted pursuant to the Contract Disputes Act. If that conclusion is erroneous, it would make no difference to the appellants since any action or decision by an agency under Public Law No. 85–804 is within the exclusive discretion of the executive branch of the government and is not subject to judicial review. *See Winder Aircraft Co. v. United States,* 412 F.2d 1270, 188 Ct.Cl. 799 (1969); *Evans Reamer & Mach. Co. v. United States,* 386 F.2d 873, 181 Ct.Cl. 539 (1967); *Bolinders Co. v. United States,* 153 F.Supp. 381, 139 Ct.Cl. 677 (1957).

The decision of the Department of Energy Board of Contract Appeals denying the appellants' claim for bid preparation costs is vacated.

VACATED.