ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- ) | |
| ) | |
| Commissioning Solutions Global, LLC ) | ASBCA No. 59254 |
| ) | |
| Under Contract No. N55236-13-D-0001 ) | |

APPEARANCE FOR THE APPELLANT:          Mr. Victor Ogunniyi
                                                                      President

APPEARANCES FOR THE GOVERNMENT:     Ronald J. Borro, Esq.
                                                                      Navy Chief Trial Attorney
                                                                      Stephen D. Tobin, Esq.
                                                                      Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE LOPES ON THE GOVERNMENT'S MOTION TO DISMISS

The Department of the Navy (Navy or government) moves to dismiss Commissioning Solutions Global, LLC's, (CSG or appellant) appeal for failure to state a claim upon which relief can be granted. In the alternative, the government moves to dismiss all damages sought by appellant. The Board grants the government's motion to dismiss this appeal for failure to state a claim.

## STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The Navy Southwest Regional Maintenance Center (SWRMC) awarded Contract No. N55236-13-D-0001 (the contract) to CSG on 1 November 2012 for hydraulic/lube oil flush services on Navy vessels located within a 50-mile radius of San Diego, California (R4, tab 1 at 1, 221). The contract's period of performance includes a base period of one year from effective date of award (30 October 2012) plus four one-year option periods (R4, tab 1 at 247). The government exercised Option Year one on 30 October 2013 (compl. at 1; gov't mot. at 3). The contract incorporated by reference the FAR 52.233-1, DISPUTES (JUL 2002) clause (R4, tab 1 at 263).

2. The contract is an indefinite quantity (IQ) type (R4, tab 1 at 265). Work is issued through the award of fixed-price delivery orders in accordance with FAR 52.216-18, ORDERING (OCT 1995); FAR 52.216-19, ORDERING LIMITATIONS (OCT 1995); and FAR 52.216-22, INDEFINITE QUANTITY (OCT 1995), which are

incorporated by full text (R4, tab 1 at 264-65). The Indefinite Quantity clause provides in pertinent part as follows:

> (a) This is an indefinite-quantity contract for the supplies or services specified and effective for the period stated, in the Schedule. The quantities of supplies and services specified in the Schedule are estimates only and are not purchased by this contract.
>
> (b) Delivery or performance shall be made only as authorized by orders issued in accordance with the Ordering clause. The Contractor shall furnish to the Government, when and if ordered, the supplies or services specified in the Schedule up to and including the quantity designated in the Schedule as the "maximum". The Government shall order at least the quantity of supplies or services designated in the Schedule as the "minimum".

(R4, tab 1 at 265)

> 3. The Minimum Contract Guarantee and Maximum Potential clause provided:
>
> (a) The guaranteed minimum amount for this contract shall be a total of $3,000, as met through the issuance of one or more delivery orders within five years of contract award.
>
> (b) The Government has no obligation to issue delivery orders to the Contractor beyond the amount specified in paragraph (a) of this clause. Once the conditions of paragraph (a) have been met, the Contract will continue to have the "fair opportunity" to be issued delivery order(s) under this contract unless notified by the CO....
>
> (c) The maximum dollar amount that may potentially be awarded under this contract is $100,729,000.

(R4, tab 1 at 255) Thus, the government has no obligation to issue orders to the contractor beyond the stated minimum guarantee, and once the guaranteed minimum has been met, the contractor will continue to have the fair opportunity to be issued orders.

4. The Navy issued requests for proposals (RFPs) for two orders during the contract base year: RFP 0001 and RFP 0002 (compl. at 11-12; gov't mot. at 3).

2

RFP 0001 was cancelled by the government (*id.*). CSG withdrew its proposal for RFP 0002 (*id.*).

5. In an earlier matter, the Board granted the government's motion to dismiss CSG's petition for the Board to direct the CO to render a decision because the claim was not in a sum certain. The dismissal was without prejudice to CSG submitting a claim in a sum certain in accordance with the CDA. *Commissioning Solutions Global, LLC*, ASBCA No. 59007-945, 14-1 BCA ¶ 35,523. On 13 February 2014, CSG filed a certified claim with the SWRMC contracting officer (R4, tab 4). CSG claimed lost profits of $3,599,668.17 on anticipated requirements for the contract base year, $1,000,000 to restore equipment to original functionality and $5,000,000 for emotional stress, instability and family reputation (compl. at 24, appx. I; gov't mot. at 3).

6. On 4 April 2014, the contracting officer issued a contracting officer's final decision denying the claim (R4, tab 5).

7. On 10 April 2014, GSC filed this appeal.

## DECISION

In its complaint CSG alleges that the Navy breached the contract by assigning or directing work to shipyards that otherwise could have been ordered under the contract (compl. at 7). CSG also alleges that the Navy, in bad faith, awarded an IQ contract with a $3,000 order minimum over five years instead of what properly should have been a "retainer type of contract" (compl. at 11).[1] Further, CSG alleges it was not awarded the two delivery orders issued in the contract base year because, in the case of RFP 0001, the Navy awarded the work to a shipyard, and in the case of RFP 0002, CSG withdrew its proposal in view of "unrealistic time requirements (Period of Performance) and expectations as originally proposed" (compl. at 11-12).

In response to these allegations, the government argues that: the contract is an IQ type contract and that the guaranteed minimum amount for the contract is $3,000 as met through the issuance of one or more delivery orders within five years of contract award (R4, tab 5 at 1); CSG has characterized the contract as a requirements contract yet has provided no facts to support this characterization (gov't mot. at 7); and that CSG had a fair opportunity to bid on the delivery orders issued during the contract base year, but that RFP 0001 was cancelled and CSG voluntarily withdrew its offer for RFP 0002 (gov't mot. at 8; R4, tab 5 at 1).

---

[1] We presume appellant refers to a requirements contract.

In *Bell/Heery v. United States*, 739 F.3d 1324, 1330 (Fed. Cir. 2014), the court states:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In deciding a motion to dismiss, the court must accept well-pleaded factual allegations as true and must draw all reasonable inferences in favor of the claimant. *Kellogg Brown & Root Servs., Inc. v. United States*, 728 F.3d 1348, 1365 (Fed. Cir. 2013).

The court further explained that a breach of contract claim requires assessment of two components:

> (1) [A]n obligation or duty arising out of the contract and (2) factual allegations sufficient to support the conclusion that there has been a breach of the identified contractual duty. In making this assessment, the court must interpret the contract's provisions to ascertain whether the facts plaintiff alleges would, if true, establish a breach of contract. [Citations omitted]

In making an assessment of the claim before us, we "must interpret the contract's provisions to ascertain whether the facts [appellant] alleges would, if true, establish breach of contract." *Id.*

We find that CSG had not met these requirements. First, the contract is an IQ type contract, and CSG has not alleged that the Navy failed to meet the contract's $3,000 minimum ordering requirement. Appellant has pointed to no contractual prohibitions against the Navy ordering hydraulic/lube oil services from shipyards or from other parties provided that it meets its $3,000 minimum ordering requirement during the term of the contract. Nor have we found any such prohibitions. Accordingly, such actions even if true do not constitute a breach of contract.

Second, the record establishes that CSG and the Navy properly executed the contract, and that CSG knowingly entered into an IQ type contract (SOF ¶¶ 1, 2). The Board understands CSG's contention that the contract should have properly been a "retainer type of contract" to mean it should have been a requirements contract – namely a contract that "provides for filling all actual purchase requirements of designated Government activities for supplies or services during a specified contract

4

period (from one contractor), with deliveries or performance to be scheduled by placing orders with the contractor." The time for appellant to have complained about the type of contract being solicited was before award. *Flight Refueling, Inc.*, ASBCA Nos. 46846, 48503, 97-2 BCA ¶ 29,000 at 144,486 (contractor contended contract type other than firm-fixed price should have been awarded), *aff'd*, 168 F.3d 1318 (Fed. Cir. 1998) (table); *AGS-Genesys Corporation*, ASBCA No. 35302, 89-2 BCA ¶ 21,702 at 109,108 (contractor contended solicitation was improper). This Board, of course, has no jurisdiction over bid protests. *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed. Cir. 1983).

Third, CSG states that the reason that the Navy cancelled RFP 0001 was because the work was no longer required, but that CSG suspects that the work was intentionally cancelled so that the government could reassign the work to a MSMO contract (i.e., to a shipyard) (compl. at 11). Even assuming these facts as true, it still would not have constituted a breach of the contract. The Navy had no contractual obligation to order the work for RFP 0001 from CSG and the Navy was not contractually prohibited from awarding the work to a shipyard. Concerning RFP 0002, CSG states that it was not provided sufficient time to prepare its proposal, and that the order had unrealistic period of performance requirements (compl. at 12). The Navy had no more contractual obligation to award RFP 0002 to appellant than it did RFP 0001. Even assuming appellant's factual allegations to be true, they do not constitute a breach of contract. Accordingly, even assuming that CSG's alleged facts for RFP 0001 and RFP 0002 are true, such facts still would have not constituted a breach of contract.

## CONCLUSION

Appellant has failed to state a claim upon which relief can be granted. The government's motion to dismiss is granted.

Dated: 7 August 2014

*Crane L. Lopes*

CRANE L. LOPES
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

5

I concur                                    I concur


MARK N. STEMPLER                            RICHARD SHACKLEFORD
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the
Armed Services Board of Contract Appeals in ASBCA No. 59254, Appeal of
Commissioning Solutions Global, LLC, rendered in conformance with the Board's
Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6