ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| Tech Projects, LLC | ) ASBCA No. 58789 |
| | ) |
| Under RFP Nos. W9124Q-08-T-0003 | ) |
| W9124Q-08-R-0004 | ) |

APPEARANCE FOR THE APPELLANT:    Joseph E. Schmitz, Esq.
                                 Schmitz & Socarras LLP
                                 McLean, VA

APPEARANCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
                                 Army Chief Trial Attorney
                                 CPT Evan C. Williams, JA
                                 Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE YOUNGER
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

Appellant Tech Projects, LLC (Tech Projects), a participant in the Small Business Set-Aside Program, seeks to recover costs incurred in connection with two requirements issued by the White Sands Missile Range, New Mexico (White Sands or Army). The first requirement was to design and install a virtual fence, and the second was to operate and maintain target control services. The government subsequently withdrew one requirement and cancelled the other. The government now moves to dismiss, arguing that we lack jurisdiction because no contracts were awarded. Tech Projects opposes, chiefly arguing that it has made the requisite non-frivolous allegation of jurisdiction. We deny the motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

A. *Virtual Fence Requirement*

1. By letter to White Sands dated 12 May 2008, a lead business development specialist in the Small Business Administration (SBA), pursuant to section 8(a) of the Small Business Act, 15 U.S.C. § 637(a), accepted a requirement for design and installation of a virtual fence on behalf of Tech Projects (gov't mot., ex. G-1).

2. In his letter to White Sands, the specialist stated that SBA's "preliminary analysis indicates that this requirement is suitable for 8(a) contracting, and that TECH

PROJECTS, LLC has the requisite capabilities to...perform the work" (gov't mot., ex. G-1).

3. By letter to SBA dated 8 September 2008, White Sands advised of its decision "to withdraw the Virtual Fence requirement from Tech Projects" based upon "difficulties in getting detailed information from the contractor in a timely manner" (gov't mot., ex. G-2 at 1).

B. *Target Control Services Requirement*

4. By letter to White Sands dated 23 May 2008, a lead business development specialist at SBA, pursuant to section 8(a), accepted a requirement for the operation, maintenance, and other support of Target Control Services on behalf of Tech Projects (gov't mot., ex. G-3).

5. By email dated 26 September 2008 to SBA, the contracting officer advised that the requirement "has been cancelled in its entirety and will be performed in-house by government personnel" (gov't mot., ex. G-4).

C. *Claim and Appeal*

6. By letter to the contracting officer dated 10 December 2008, Tech Projects submitted a certified claim aggregating $185,346.40 for both the Virtual Fence and the Target Control System requirements (R4, tab 27).

7. Following multiple difficulties in auditing the claim, as well as an initial decision in 2009, and a reconsideration request in 2011, the contracting officer rendered his final decision by date of 22 March 2013. The contracting officer determined that Tech Projects was entitled to reimbursement for a portion of its initial claim and denied a supplemental claim in its entirety. (R4, tab 50 at 10) In his decision, the contracting officer also asserted that "[t]he government is in agreement with Tech Projects that there is an implied contract when SBA acceptance occurs" (*id.* at 3). The contracting officer further stated that "[i]t is understood that there was never a formal written contract but the SBA Acceptance Letter and actions by the government could be reasonably perceived by Tech Projects (or any other 8 (a) contractor) to constitute an implied contract" (*id.* at 4).

8. By letter to the Recorder dated 20 June 2013, Tech Projects brought this appeal. In its notice of appeal, which is in the nature of a complaint, Tech Projects alleges that the contracting officer "properly recognized that there was a contract in fact" regarding the Target Control System requirement (Notice of Appeal at 2). Tech Projects further asserted that it disputed the contracting officer's assertion that "there was no contract for the Virtual Fence requirement" and asked the Board to

2

"acknowledge that there were two contracts and that[,] in each case, the Contracting Officer's actions amounted to a termination for the convenience of the Government" (*id.* at 2).

## DECISION

### A. *Contentions of the Parties*

In moving to dismiss, the Army first contends that we lack jurisdiction because the two requirements were withdrawn before contract award (gov't mot. at 3-4). The Army also urges that Tech Projects fails to allege sufficient facts to establish an implied-in-fact contract (*id.* at 4-5). Finally, the Army asserts that we lack jurisdiction over implied-in-law contracts (*id.* at 5-6).

In opposing the Army's motion, Tech Projects asserts that it does not claim jurisdiction "based on either an express contract or an implied-in-law contract" (Memorandum of Law in Opposition to Government's Motion to Dismiss for Lack of Jurisdiction (app. opp'n) at 1). Tech Projects then argues that the contracting officer's determination that "there is an implied contract when SBA acceptance occurs" (*see* statement 7) is conclusive (app. opp'n at 2-5).

After filing its opposition to the government's motion, Tech Projects filed both a supplemental response and a sur-reply. In both, Tech Projects asserted that the record supports "two implied-in-fact contracts (if not two express contracts)" (Supplemental Response to the Government's Motion to Dismiss for Lack of Jurisdiction (app. supp. resp.) at 1-2; Sur-Reply to Government's Reply to Supplemental Response to Government's Motion to Dismiss for Lack of Jurisdiction (app. sur-reply) at 7). Tech Projects also says that it "need only prove that either an express or an implied-in-fact contract exists" to establish jurisdiction (app. sur-reply at 6). We address these contentions below.

### B. *Implied-In-Fact Contract*

We deny the Army's motion to dismiss. We conclude that Tech Projects has made a non-frivolous allegation that it had implied-in-fact contracts with the government. Under 41 U.S.C. § 7102(a), our Contract Disputes Act jurisdiction is limited to appeals involving "express or implied contracts for the procurement of services and property and for the disposal of personal property." *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed. Cir. 1983). In *Engage Learning, Inc. v. Salazar*, 660 F.3d 1346 (Fed. Cir. 2011) the court recited its prior interpretation of a comparable provision in the Tucker Act, 28 U.S.C. § 1491(a)(1), which it read to "require[] no more than a non-frivolous *allegation* of a contract with the government." *Engage*, 660 F.3d at 1353. The court further explained that "a plaintiff need only

3

allege the existence of a contract to establish the Board's jurisdiction under the [Contract Disputes Act] 'relative to' an express or implied contract with an executive agency." *Id.*

We followed *Engage Learning* in *American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905, and in *Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234. In *American General*, we rejected the government's argument that the contractor "must prove the existence of an implied-in-fact contract for the Board to exercise jurisdiction" over a breach claim. Instead, we quoted *Engage* to reemphasize that "a claimant 'need only allege the existence of a contract to establish the Board's jurisdiction." *American General*, 12-1 BCA ¶ 34,905 at 171,640 (quoting *Engage Learning*, 660 F.3d at 1353). Similarly, in *Tele-Consultants*, 13 BCA ¶ 35,234 at 172,994, we denied a motion to dismiss for lack of jurisdiction in which the government argued that the record contained no evidence of an implied-in-fact contract. We explained that "[g]iven [the contractor's] contention here that it did indeed directly enter into an implied-in-fact contract with the government..., we conclude we possess jurisdiction over this claim."

The record here supports a similar conclusion. We reject the Army's argument that the appeal must be dismissed because Tech Projects "does not allege adequate facts to show that an implied-in-fact contract was ever formed" (gov't mot. at 5). To the contrary, Tech Projects has advanced more than a "non-frivolous allegation," *Engage*, 660 F.3d at 1353. The record contains the contracting officer's decision, in which he stated that "[t]he government is in agreement with Tech Projects that there is an implied contract when SBA acceptance occurs" and then declared that "the SBA Acceptance Letter and actions by the government could be reasonably perceived by Tech Projects (or any other 8 (a) contractor) to constitute an implied contract" (statement 7). Relying upon the contracting officer's decision, Tech Projects has alleged that he "properly recognized that there was a contract in fact" regarding the Target Control System requirement," and Tech Projects prayer for a determination "that there were two contracts and that[,] in each case, the Contracting Officer's actions amounted to a termination for the convenience of the Government" (statement 8), cannot be dismissed as frivolous. Given their grounding, they must be regarded as non-frivolous and sufficient to defeat the jurisdictional challenge posed by the present motion.

We stress that we here decide only the issue of whether we have jurisdiction over Tech Projects' appeals. Our cases do not support converting a motion to dismiss for lack of jurisdiction to one for summary judgment. *Tele-Consultants*, 13 BCA ¶ 35,234 at 172,994; *American General*, 12-1 BCA ¶ 34,905 at 171,640; *Aries Marine Corp.*, ASBCA No. 37826, 90-1 BCA ¶ 22,484 at 112,846-47.

We accordingly defer ruling whether contracts were formed regarding the two requirements to a merits proceeding, whether on a motion for summary judgment or after a hearing.

CONCLUSION

The government's motion to dismiss is denied.

Dated: 26 March 2015

ALEXANDER YOUNGER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58789, Appeal of Tech Projects, LLC, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals