ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Excel Link Construction Company ) ASBCA No. 60419
)
Under Contract No. 000000-00-0-0000 )

APPEARANCE FOR THE APPELLANT: Mr. Jaweed Jan
Chairman

APPEARANCES FOR THE GOVERNMENT: Raymond M. Saunders, Esq.
Army Chief Trial Attorney
CPT Harry M. Parent III, JA
Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE WOODROW
ON THE GOVERNMENT'S MOTION TO DISMISS

Excel Link Construction Company (appellant) filed a notice of appeal on 15 January 2016, appealing its designation as "Not Eligible for installation Access" in the Joint Contingency Contracting System (JCCS). The JCCS is an internet-based application used by Expeditionary Contracting Command – Afghanistan for posting solicitations and proposals. The JCCS is part of a vendor vetting program for contractors seeking to do business with the U.S. Government in Afghanistan. The purpose of the vetting program is to "help identify and prevent insurgents, terrorists, militias, foreign intelligence and security services (FISS) and criminals from gaining access to U.S. and Coalition equipment, facilities, and personnel and using contracting proceeds to fund their operations." *Afghan Premier Logistics*, B-409971, 2014 CPD ¶ 293 (Comp. Gen. Sept. 26, 2014).

Mr. Jaweed Jan, appellant's chairman, seeks to have appellant registered in the JCCS in order to access installations in Afghanistan administered by U.S. Forces in Afghanistan. Appellant's notice of appeal provides no reference to either a solicitation or contract between appellant and the government.

On 5 February 2016, the government filed a motion to dismiss for lack of jurisdiction and stay of proceedings. Appellant responded by email on 17 April 2016 and the government elected to not file a reply brief. The government seeks dismissal on the grounds that the appeal does not involve a procurement contract subject to the Contract Disputes Act (CDA) and because appellant failed to submit a claim to the contracting officer. We hold that the Board lacks jurisdiction to entertain appellant's appeal of its

denial of installation access on the grounds that appellant has failed demonstrate the existence of a contract within the Board's jurisdiction.

## DISCUSSION

The fundamental basis for the Board's jurisdiction under the CDA is the contractor's submission of a proper claim to the contracting officer for a final decision. 41 U.S.C. § 7103(a); *CCIE & Co.*, ASBCA Nos. 58355, 59008, 14-1 BCA ¶ 35,700 at 174,816. Because the CDA does not define the term "claim," we look to the definition in the FAR. *See, e.g., Taj Al Safa Co.*, ASBCA No. 58349, 13 BCA ¶ 35,278 at 173,156. The FAR defines a "Claim," in relevant part, as follows:

> *Claim* means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.

FAR 2.101. We determine whether a contractor's communication is a CDA claim on a case-by-case basis and apply a common sense analysis. *Todd Pac. Shipyards Corp.*, ASBCA No. 55126, 06-2 BCA ¶ 33,421 at 165,687. In determining whether a claim has been submitted, we may examine the totality of the correspondence between the parties. *Vibration and Sound Solutions Ltd.*, ASBCA No. 56240, 09-2 BCA ¶ 34,257 at 169,270.

In this appeal, appellant does not allege that it has submitted a claim to the contracting officer prior to filing this appeal. Although appellant repeatedly communicated with personnel within the Joint Expeditionary Contracting Command-Afghanistan regarding appellant's registration with the JCCS, these communications fall well short of being a claim. In particular, none of appellant's email communications with government personnel seek the payment of money, nor do they request any relief "arising under or relating to [a] contract" (notice of appeal at 2-3). Indeed, appellant does not allege that there was an express contract, either oral or written, between it and the government. Appellant admits that it is a new company and that it does not yet have any projects (notice of appeal at 1). Although appellant's email correspondence with the government indicates that it sought to have the company registered with the JCCS, and that the government responded with a request for additional information from the company, there is no mention of any agreement, contract, solicitation, or proposal. Therefore, the Board lacks jurisdiction to entertain the appeal.

The Board also lacks jurisdiction to entertain the appeal because our jurisdiction is limited to disputes under contracts. *See* 41 U.S.C. § 7105(e)(1)(A). We can provide relief to appellants only in appeals in which the government has an express or implied contract

2

between the government and the appellant. *See S. Harman & Associates, Inc.*, ASBCA No. 60214, 16-1 BCA ¶ 36,225 at 176,878. In this appeal, appellant admits that it has no projects with the government and does not allege that there was an express contract, either oral or written, between it and the government (notice of appeal at 1). Nor does appellant present any evidence of an implied-in-fact contract. An implied-in-fact contract has all of the same requirements as an express contract except that its terms are proved by the parties' behavior, rather than by an explicit agreement. *See City of El Centro v. United States*, 922 F.2d 816, 820 (Fed. Cir. 1990). These requirements include "lack of ambiguity in offer and acceptance" and that the government representative whose conduct is relied upon has "actual authority to bind the government." *E.g.*, *City of El Centro*, 922 F.2d at 820. Appellant's email correspondence with the government makes no mention of any oral agreement, contract, solicitation, or proposal.

Moreover, there can be no contract based on an implied agreement to provide base access to appellant or security clearances for appellant's personnel. The few cases we have found that address a contractor's eligibility under the JCCS are bid protests, which are not within the Board's jurisdiction. *See, e.g.*, *Sohail Global Group*, B-413132, 2016 CPD ¶ 215 (Comp. Gen. Aug. 9, 2016) (rejecting proposal due to denial of installation access in the JCCS); *Afghan Premier Logistics*, 2014 CPD ¶ 293 (rejecting proposal due to contractor's JCCS rating). The Board does not possess jurisdiction to entertain bid protests, which involve the alleged violation of a procurement law or regulation in connection with a solicitation for goods or services or the award of a contract.[1] *Statistica, Inc.*, ASBCA No. 44116, 92-3 BCA ¶ 25,095 at 125,126-27 (citing *Coastal Corp. v. United States*, 713 F.2d 728 (Fed. Cir. 1983)). In any event, these circumstances are not present here, because appellant does not identify a particular solicitation, procurement, or contract, nor does the appellant allege a violation of a procurement law or regulation.

Finally, installation access decisions are military command decisions. It is well established that the commanding officer of a military base has wide discretion as to whom he or she can exclude from the base. *Cafeteria & Restaurant Workers Union, Local 473 v. McElroy*, 367 U.S. 886, 893 (1961); *see also Connor Bros. Constr. Co.*, ASBCA No. 54109, 07-2 BCA ¶ 33,703, *aff'd*, 550 F.3d 1368 (Fed. Cir. 2008) (holding that denial of installation access to contractor was a sovereign act); *Nero and Associates, Inc.*, ASBCA No. 30369, 86-1 BCA ¶ 18,579 at 93,296 (recognizing that installation access orders are sovereign acts). Therefore, even if we possessed jurisdiction to entertain appellant's challenge to the government's decision, the government likely

---

[1] Generally speaking, if a party interested in a government contract believes that an agency has violated procurement law or regulation in a solicitation for goods or services, or in the award of a contract, it may file a bid protest with the Government Accountability Office pursuant to 31 U.S.C. §§ 3551-3556, or in the United States Court of Federal Claims, pursuant to 28 U.S.C. § 1491(b)(1) (2006).

would contend that the denial of installation access was a sovereign act and that the government cannot be held liable for any damages sustained by the appellant.[2]

For these reasons, we hold that the Board lacks jurisdiction to entertain the appeal.

Dated: 7 November 2016

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

RICHARD SHACKLEFORD
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60419, Appeal of Excel Link Construction Company, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

---

[2] Under the sovereign acts doctrine, the United States, when sued as contractor, cannot be held liable for obstruction to performance of a particular contract resulting from its public and general acts as sovereign. *Zafer Taahhut Insaat ve Ticaret A.S. v. United States*, 833 F.3d 1356 (Fed. Cir. 2016).