ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| LKJ Crabbe Inc. | ) ASBCA No. 60331 |
| | ) |
| Under Contract No. W9124E-15-D-0002 | ) |

APPEARANCE FOR THE APPELLANT:  Mr. Kevin Crabbe
President

APPEARNCES FOR THE GOVERNMENT:  Raymond M. Saunders, Esq.
Army Chief Trial Attorney
Harry M. Parent III, Esq.
Trial Attorney

## OPINION BY ADMINISTRATIVE JUDGE WOODROW ON APPELLANT'S MOTION FOR RECONSIDERATION

On November 28, 2018, appellant timely moved for reconsideration of the Board's October 29, 2018 opinion. *LKJ Crabbe Inc.*, ASBCA No. 60331, 18-1 BCA ¶ 37,193. In its motion for reconsideration, LKJ Crabbe contends that the Board erred when it concluded that the government had no obligation to notify appellant of an alleged clerical error in appellant's bid.

## DISCUSSION

In deciding a motion for reconsideration, we examine whether the motion is based upon newly discovered evidence, mistakes in our findings of fact, or errors of law. *Precision Standard, Inc.*, ASBCA No. 58135, 16-1 BCA ¶ 36,504 at 177,860. A motion for reconsideration does not provide the moving party the opportunity to reargue its position or to advance arguments that properly should have been presented in an earlier proceeding. *See Dixon v. Shinseki*, 741 F.3d 1367, 1378 (Fed. Cir. 2014). The moving party must show a compelling reason why the Board should modify its decision. *ADT Construction Group, Inc.*, ASBCA No. 55358, 14-1 BCA ¶ 35,508 at 174,041.

LKJ Crabbe argues that the contracting officer (CO) violated FAR 14.407-2 when he failed to seek verification of LKJ Crabbe's bid based on an alleged clerical error in the pricing of the bid (mot. at 3).

## I.  Failure to Seek Bid Verification Based on Alleged Clerical Error

It is unclear from appellant's motion what "clerical error" would have triggered the CO's obligation pursuant to FAR 14.407-2 to seek verification of appellant's bid pricing. In our opinion, we understood LKJ Crabbe as alleging that rounding up appellant's bid price from $0.0095 per sq. ft. to $0.01 per sq. ft. "increased appellant's total price by an additional $282,150, which would have prevented LKJ Crabbe from being the lowest bidder." 18-1 BCA ¶ 37,193 at 181,068. We made this statement based on appellant's post-hearing brief, which stated that "[t]he error associated with the pricing for routine project cleaning would have added an additional $282,150.00 to the bid price by simply moving the decimal over two spots where it was intended and where the government systems can accept bid pricing" (app. post-hearing br. at 24).

However, according to LKJ Crabbe, we misstated appellant's original contention regarding the alleged clerical error in appellant's bid (mot. at 2). In its motion for reconsideration, LKJ Crabbe maintains that rounding up its unit prices "would only have increased the total price by $150 per contract year." Appellant also challenges our mathematical calculations regarding the rounding up of appellant's unit prices (mot. at 3). However, other than alluding to "faulty math of the decision in paragraph two of #3 discussion point," appellant does not explain why our conclusions are factually incorrect.

Confusingly, LKJ Crabbe states that "[e]ven if the rounding of the .0095 price were to be allowable it still has to be preceded by a call or some form of communication with the bidder" (mot. at 3). Instead, LKJ Crabbe argues that the CO's failure to seek verification of the bid price "kept the appellant from realizing a clerical error that would have increased its total price by $282,150 which would have caused the appellant[']s bid to be well out of contention for this award" (*id.*).[*] LKJ Crabbe does not identify the alleged clerical error that would have increased its bid price by $282,150. We conclude that appellant's main concern is the CO's failure to request price verification, not the magnitude of the alleged clerical error.

## II.  Discussion

For two reasons, we find no merit to appellant's contention that the CO possessed a duty, pursuant to FAR 14.407, to notify appellant of the alleged clerical error in its bid. First, there was no apparent error in LKJ Crabbe's bid. Second, we do not possess jurisdiction to entertain a challenge to the government's evaluation of LKJ Crabbe's bid (which is a separate question than whether there was a mistaken bid).

---

[*] It is not at all clear to us how to reconcile appellant's assertion that the rounding of its bid by the government's software only made a $150 annual difference in price, with its continued reference to a $282,150 difference. In the end, it does not matter for the reasons set forth in this decision.

FAR 14.407-1 requires COs to request verification of a bid only in "cases of apparent mistakes and in cases where the contracting officer has reason to believe that a mistake may have been made."

> After the opening of bids, contracting officers shall examine all bids for mistakes. *In cases of apparent mistakes and in cases where the contracting officer has reason to believe that a mistake may have been made*, the contracting officer shall request from the bidder a verification of the bid, calling attention to the suspected mistake. If the bidder alleges a mistake, the matter shall be processed in accordance with this section 14.407. Such actions shall be taken before award.

FAR 14.407-1 (emphasis added). FAR 14.407-2, Apparent clerical mistakes, in turn, addresses a clerical mistake that is "apparent on its face in the bid."

> (a) Any clerical mistake, *apparent on its face in the bid*, may be corrected by the contracting officer before award. The contracting officer first shall obtain from the bidder a verification of the bid intended. Examples of apparent mistakes are—
>
> (1) Obvious misplacement of a decimal point....

FAR 14.407-2(a)(1) (emphasis added).

Here, there was no apparent clerical error in appellant's bid. Appellant intended to state its prices in that manner, so there was no actual error in the bid. 18-1 BCA ¶ 37,193 at 181,059, finding 10. The fact that LKJ Crabbe's bid contained unit prices carried out to four decimal places is not an "apparent clerical mistake" in the same sense as an "obvious misplacement of a decimal point," the example set forth in FAR 14.407-2(a)(1). Rounding up a dollar amount carried out four decimal places is much less obvious a change than a dollar amount with a decimal misplaced four places. For example, rounding up appellant's unit price of $0.0095 to $0.01 is much less significant as mistakenly moving the decimal place to the right by four places, e.g., from $0.0095 to $95.00, which would render a unit price of $95.00.

Moreover, the fact that the government's software would not accept prices carried out to four decimal places is not a clerical mistake, but rather a factor applied universally to all bidders on the contract. By its terms, FAR 14.407 applies to mistakes in bids, not to the government's evaluation of the bids. Challenging how the

government input LKJ Crabbe's bid into the government's computer system relates to the government's evaluation of its bid, not to a clerical error in the bid itself. A challenge to the government's evaluation of its bid does not qualify as a proper claim "arising under or relating to" this contract, as required by FAR 2.101. We previously have held that where an appellant's claim is based upon a government decision concerning a contract not yet in existence, the Board lacks jurisdiction to hear the case because the claim "does not arise under or relate to appellant's contract." *Amaratek*, ASBCA No. 60503, 16-1 BCA ¶ 36,491 at 177,832 (quoting *Statistica, Inc.*, ASBCA No. 44116, 92-3 BCA ¶ 25,095 at 125,126). A claim challenging the government's evaluation of a bid is more in the nature of a bid protest, over which the Board lacks jurisdiction. *Statistica,* 92-3 BCA ¶ 25,095 at 125,126-27 (citing *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed. Cir. 1983)).

Therefore, we find no basis to grant appellant's motion for reconsideration. *Zulco International, Inc.*, ASBCA No. 55441, 08-1 BCA ¶ 33,799 at 167,319 (motion for reconsideration must be based on newly discovered evidence, factual mistake, or errors of law).

## CONCLUSION

For these reasons, LKJ Crabbe's motion for reconsideration is denied.

Dated: January 22, 2019

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

4

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60331, Appeal of LKJ Crabbe Inc., rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals