ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of -- )
)
Network Documentation & Implementation, Inc. )    ASBCA No.  61804
)
Under Contract No.  000000-00-0-0000    )

APPEARANCE FOR THE APPELLANT:        Mr. Jorge McBain
                                      Owner

APPEARANCES FOR THE GOVERNMENT:       William E. Brazis, Jr., Esq.
                                       DISA General Counsel
                                      Travis L. Vaughan, Esq.
                                       Trial Attorney
                                       Defense Information Systems Agency
                                       Fort Meade, MD

OPINION BY ADMINISTRATIVE JUDGE WITWER ON THE GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION
AND FAILURE TO STATE A CLAIM

        Network Documentation & Implementation, Inc. (NDI) claims that it is
contractually entitled to payment in the amount of $2,036,680.24 for artificial
intelligence services it provided to the Defense Information Systems Agency (DISA).
The government moves to dismiss the appeal for lack of jurisdiction, contending that NDI
is a subcontractor with whom the government has no privity of contract.  The government
also moves to dismiss the appeal for failure to state a claim, contending that NDI's
complaint fails to allege the elements of an implied-in-fact contract.  We deny the
government's motion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

        A. *Implied-in-Fact Contract*

        The following six numbered paragraphs consist of allegations made by NDI in its
complaint:

        1.  In 2011, NDI installed a cable management system at DISA's headquarters
located at Fort Meade, Maryland (compl. ¶ 5).  NDI performed this work as a
subcontractor to NCI Information Systems, Inc. (NCI) on the Total Engineering and
Integration Services (TEIS) II contract, a contract awarded by the Department of the
Army (*id*.).  After completing its work as a subcontractor to NCI on the TEIS II contract,

NDI submitted invoices to NCI and was paid by NCI (*id.*).  The TEIS II contract expired in December 2011 (compl. ¶ 8).

2.  In late-2011, prior to the expiration of the TEIS II contract, NDI met with officials from DISA, including the Chief Information Officer (CIO) for Operations, Edward Norwood, who requested that NDI provide additional services directly to DISA under a separate agreement (compl. ¶¶ 7-8, 10).  The requested services included the installation of an artificial intelligence software program created by NDI (compl. ¶ 4).  The requested services were distinct from those provided by NDI as a subcontractor to NCI on the TEIS II contract (compl. ¶¶ 1, 7, 13).  Mr. Norwood represented that DISA would compensate NDI for the additional work "at NDI's standard hourly rates" and that NDI should work directly with Mr. Norwood's subordinates, Assistant CIO Sharon Sellers and Project Manager Melvin Spratley (compl. ¶ 7).

3.  Mr. Norwood had previously negotiated the terms of purchase orders issued under the TEIS II contract, including the terms of one of the purchase orders issued to NDI (compl. ¶¶ 6, 8, 16) and a purchase order issued to another subcontractor, Cisco (compl. ¶16).  In doing so, Mr. Norwood negotiated the prices paid to the subcontractors, as well as the scope of work to be performed by them (compl. ¶¶ 6, 8, 16).  NDI alleges that Mr. Norwood possessed implied actual authority "in setting the contracts and contract terms for DISA and that such actions were an integral part of his duties at DISA" (compl. ¶ 16).

4.  Based on the agreement reached with DISA, NDI provided artificial intelligence services directly to DISA from late-2011 through September 2013 (compl. ¶¶ 7, 10, 14).  During this period, Mr. Norwood and Ms. Sellers repeatedly authorized the issuance of Common Access Cards to NDI employees, which provided the employees access to DISA facilities (compl. ¶¶ 11, 15).  In October 2012, NDI submitted a copy of its hourly rates, which Messrs. Norwood and Spratley reviewed and accepted (compl. ¶ 11).

5.  NDI did not submit invoices regularly to DISA based on DISA's repeated assurances that NDI would be paid-in-full once the work was completed (compl. ¶¶ 12, 17).  Because this arrangement placed "substantial financial strain" on NDI, company representatives met with Ms. Sellers in mid-2012 to request payment (compl. ¶ 12).  Ms. Sellers instructed NDI to continue performing the services and informed NDI that it would be paid when the project was completed (*id.*).  Ms. Sellers further informed NDI that the government would hold NDI liable if it did not complete the project (*id.*).  NDI continued to provide the requested services with the understanding that DISA would compensate NDI for the services upon the completion of the work (*id.*).

6.  NDI completed the requested services in September 2013 and, thereafter, submitted an invoice for payment to DISA, which DISA has not paid (compl. ¶ 14).

B. *Claim and Appeal*

7.  On June 8, 2018, NDI submitted a claim to DISA, seeking reimbursement in the amount of $2,036,680.24 for the services NDI provided from late-2011 through September 2013 (R4, tab 7).  On June 20, 2018, NDI submitted a revised claim, seeking reimbursement in the same amount for the same services described in its initial claim (R4, tab 10).[1]

8.  The contracting officer denied NDI's revised claim on August 16, 2018 (R4, tab 11), and NDI appealed to the Board on September 19, 2018.

9.  In its complaint, NDI alleges that it entered into an implied-in-fact contract with DISA to provide the services at issue here and contends that it is entitled to payment under a theory of *quantum meruit* (compl. ¶¶ 15, 17).  Additionally, there is language in the complaint to suggest that NDI also is pursuing its claim as a subcontractor, alleging that the services it provided to DISA were the result of an extension of its subcontract on the TEIS II contract (compl. ¶ 9).

DECISION

DISA advances two grounds upon which to dismiss.  First, DISA moves to dismiss the appeal for lack of jurisdiction on the basis that NDI is a subcontractor with whom the government has no privity of contract (gov't mot. at 1).  Second, DISA moves to dismiss the appeal on the basis that NDI has failed to state a claim on which relief can be granted (*id.*).  With respect to this latter basis, DISA argues that NDI's complaint fails to allege the elements of an implied-in-fact contract (*id.*).  NDI opposes the motion. For the reasons set forth below, we deny the government's motion to dismiss.

A. *Motion to Dismiss for Lack of Jurisdiction*

DISA's first argument is premised on the well-settled rule that this Board does not possess jurisdiction over a direct appeal filed by a subcontractor absent sponsorship of that claim by the prime contractor.  *See, e.g.*, *Erickson Air Crane Co. of Washington, Inc. v. United States*, 731 F.2d 810, 813 (Fed. Cir. 1984); *United States v. Johnson Controls, Inc.*, 713 F.2d 1541, 1556 (Fed. Cir. 1983); *B3 Solutions, LLC*, ASBCA No. 60654, 16-1 BCA ¶ 36,578 at 178,138.  DISA contends that, because NDI's claim is not sponsored by NCI, the prime contractor on the TEIS II contract, NDI lacks privity of

---

[1] The initial claim does not appear to have been properly certified, but appellant remedied this defect in its revised claim.  We view our jurisdiction to consider this appeal to be premised on the denial of the properly certified revised claim.  DISA has not challenged our jurisdiction to consider the appeal on this basis.

3

contract with the government and, thus, does not have standing to bring its claims under the Contract Disputes Act (CDA), 41 U.S.C. §§ 7101-7109 (gov't mot. at 4-5).

Although DISA is correct that a subcontractor cannot bring a claim under the CDA, it is not entirely clear from NDI's complaint that it is, indeed, pursuing its claim as a subcontractor. The crux of NDI's claim is that it entered into an implied-in-fact contract directly with DISA to perform the services for which it now seeks payment (*see* compl. ¶¶ 15-27). Nevertheless, as DISA points out (gov't mot. at 5 (citing compl. ¶ 9)), there is language in the complaint to suggest that NDI also is pursuing its claim as a subcontractor.[2]

In particular, paragraph 9 of the complaint provides as follows:

> All of the parties thereafter acted uniformly to greatly expand the scope of NDI's services into 2012 and 2013. As discussed below, this resulted in *the ongoing of the TEIS II contract*, or alternatively, the establishment of a new implied-in-fact contract, properly authorized and/or ratified by the Government.

(Compl. ¶ 9) (emphasis added)[3]

We need not analyze the meaning of the language above referring to the ongoing TEIS II contract to determine whether it is intended to advance a subcontractor claim because NDI disavows any such claim in its opposition to DISA's motion to dismiss. Specifically, NDI's opposition provides, in relevant part:

> To the extent paragraph 9 of the Complaint references the continuation of the TEIS II contract, that position is not referenced anywhere else in the Complaint and is not asserted as an actual claim. NDI withdraws the second sentence of

---

[2] DISA also asserts that, in addition to the language in NDI's complaint, NDI represented in a claim submitted to the Army and in a breach of contract action filed by NDI against NCI in Virginia state court that at all relevant times NDI performed work as a subcontractor to NCI (gov't mot. at 5). Even assuming for the sake of argument that DISA's assertions are correct, NDI's representations in other claims or complaints are irrelevant to the jurisdictional question before us because those claims or complaints do not form the basis of this appeal and the government has not made the case for judicial estoppel.

[3] Despite the statement in paragraph 9 of the complaint that NDI's legal theories are further discussed in the complaint, there is no additional discussion of an alleged extension of NDI's subcontract with NCI on the TEIS II contract.

Paragraph 9 of the Complaint, as it was not and is not NDI's intent to assert a continuation of the TEIS II contract in its Complaint.

(App. opp'n at 2) In light of NDI's clarification of its claim, we deny as moot DISA's first ground for dismissal.

B. *Motion to Dismiss for Failure to State a Claim*

As noted above, DISA also moves to dismiss the appeal on the basis that NDI has failed to allege facts sufficient to support an implied-in-fact contract (gov't mot. at 1, 6-10). As an initial matter, although DISA styles its motion as a motion to dismiss for failure to state a claim on which relief can be granted (*see, e.g.*, *id.* at 6), DISA also argues that "there is no CDA jurisdiction for the Board to review such a claim" (*id.* at 1). Thus, we first examine our jurisdiction to entertain NDI's claim.

Under the CDA, the Board possesses jurisdiction to decide appeals involving an express or implied contract. 41 U.S.C. §§ 7102(a), 7105(e)(1)(A); *Tech Projects, LLC*, ASBCA No. 58789, 15-1 BCA ¶ 35,940 at 171,661 (quoting *Coastal Corp. v. United States*, 713 F.2d 728, 730 (Fed. Cir. 1983)). Although DISA argues that jurisdiction is lacking because there was no enforceable contract between the parties, the law is clear that, for the Board to exercise jurisdiction, a valid contract must only be pleaded, not proven. *See Engage Learning, Inc. v. Salazar*, 660 F.3d 1346, 1353-54 (Fed. Cir. 2011) (citing *Lewis v. United States*, 70 F.3d 597, 602 (Fed. Cir. 1995); *Gould, Inc. v. United States*, 67 F.3d 925, 929-30 (Fed. Cir. 1995)); *Dongbuk R&U Eng'g Co., Ltd.*, ASBCA No. 58300, 13 BCA ¶ 35,389 at 173,637 (citing *Total Medical Mgmt., Inc. v. United States*, 104 F.3d 1314, 1319 (Fed. Cir. 1997)) (other citations omitted); *Am. Gen. Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,640 (citations omitted).

Given NDI's contention that it entered directly into an implied-in-fact contract with the government respecting the services at issue here, we conclude that we possess jurisdiction over this claim. *See Tele-Consultants, Inc.*, ASBCA No. 58129, 13 BCA ¶ 35,234 at 172,994 (contractor's allegation that there was an implied-in-fact contract between it and the government is sufficient to establish jurisdiction). Once the Board exercises jurisdiction, however, the Board may assess—without resolving any factual disputes—whether the claim is one upon which it can grant relief. *Engage Learning, Inc.*, 660 F.3d at 1356. Thus, the proper question is whether NDI has sufficiently alleged the elements of an implied-in-fact contract. *Id.*

An implied-in-fact contract is "founded upon a meeting of the minds, which, although not embodied in an express contract, is inferred, as a fact, from conduct of the

5

parties showing, in the light of the surrounding circumstances, their tacit understanding." *City of Cincinnati v. United States*, 153 F.3d 1375, 1377 (Fed. Cir. 1998) (quoting *Baltimore & Ohio R.R. Co. v. United States*, 261 U.S. 592, 597 (1923)). The elements of an implied-in-fact contract are: "(1) mutuality of intent; (2) consideration; (3) an unambiguous offer and acceptance; and (4) 'actual authority' on the part of the government's representative to bind the government in contract." *Hanlin v. United States*, 316 F.3d 1325, 1328 (Fed. Cir. 2003) (quoting *City of Cincinnati*, 153 F.3d at 1377). Implied actual authority can satisfy the fourth element of an implied-in-fact contract. *Interaction Research Inst., Inc.*, ASBCA No. 61505, 18-1 BCA ¶ 37,196 at 181,080 (citing *H. Landau & Co. v. United States*, 886 F.2d 322, 324 (Fed. Cir. 1989); *Advanced Team Concepts, Inc. v. United States*, 68 Fed. Cl. 147, 150 (2005)). Authority to bind the government is generally implied when such authority is considered to be an integral part of the duties assigned to the person who created the obligation. *H. Landau & Co.*, 886 F.2d at 324 (quotation omitted); *North Am. Landscaping, Constr. and Dredge, Co., Inc.*, ASBCA No. 60235 *et al.*, 18-1 BCA ¶ 37,116 at 180,655 (citations omitted). In seeking to dismiss the appeal for failure to state a claim on which relief can be granted, DISA argues that NDI's complaint fails to allege the four elements of an implied-in-fact contract (gov't mot. at 7-9).

To survive a motion to dismiss for failure to state a claim, the complaint must allege facts plausibly suggesting, not merely consistent with, a showing of entitlement to relief. *Am. Gen. Trading & Contracting, WLL*, 12-1 BCA ¶ 34,905 at 171,640 (quoting *Cary v. United States*, 552 F.3d 1373, 1376 (Fed. Cir. 2009)). Here, NDI alleges that a government official with implied actual authority represented that DISA would pay NDI's costs in return for NDI's provision of the additional artificial intelligence services (compl. ¶¶ 7-8, 12, 16). In particular, NDI alleges that Mr. Norwood, who had previously negotiated the terms of NDI's subcontract on the TEIS II contract and who repeatedly authorized the issuance of Common Access Cards to NDI employees, stated that DISA would compensate NDI at its "standard hourly rates" for the additional services (compl. ¶ 7). NDI relied on that promise and provided the requested services (compl. ¶¶ 4, 7, 12, 17). The government accepted and benefited from NDI's performance (compl. ¶¶ 4, 12). These allegations describe the elements of an implied-in-fact contract. *See Am. Gen. Trading & Contracting, WLL*, 12-1 BCA ¶ 34,905 at 171,639, 171,640-41. Thus, we reject DISA's argument that the appeal must be dismissed because the complaint does not allege sufficient facts to suggest that an implied-in-fact contract was formed.

Because NDI has satisfied both the jurisdictional claim requirements of the CDA and the minimum pleading requirements for the pursuit of a claim before this Board, we deny the government's motion to dismiss. Whether a contract was actually formed relates to the merits of the appeal and is not before us at this time. *Tele-Consultants, Inc.*, 13 BCA ¶ 35,234 at 172,994; *Am. Gen. Trading & Contracting, WLL*, 12-1 BCA ¶ 34,905 at 17,640.

## CONCLUSION

The government's motion to dismiss is denied.

Dated: June 3, 2020

ELIZABETH WITWER
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61804, Appeal of Network Documentation & Implementation, Inc., rendered in conformance with the Board's Charter.

Dated: June 4, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals

7